787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOUIS W. WILLIAMSON, Plaintiff-Appellant
V.
OWENS-ILLINOIS, INC., Defendant-Appellee.
 No. 84-3422.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1986.
 
 N.D.Ohio, 782 F.Supp. 1044
 REHEARING DENIED.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; and EDWARDS, Senior Circuit Judge
 AMENDED
 PER CURIAM.
 
 
 1
 This is an employment discrimination case involving a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq., and claims for defamation and breach of contract under Ohio law. Plaintiff Louis W. Williamson appealed from a judgment notwithstanding the verdict on the age discrimination claim and from directed verdicts on the pendent state law claims.
 
 
 2
 In 1966, plaintiff Louis W. Williamson was employed by defendant OwensIllinois, Inc., in its flight department. Plaintiff was hired as a copilot and was promoted to reserve captain in 1967. Plaintiff was grounded from flight duties in mid-March 1978 upon the recommendation of his superior William Geiger. Geiger testified at trial as to certain incidents that had caused him concern and which prompted his decision to ground plaintiff. The incidents included the odor of alcohol on plaintiff's breath when reporting for flight duty as detected and reported by Geiger and others; discernible hand tremors when reporting for flight duty; rumors that plaintiff had violated the rule against drinking prior to a flight; plaintiff's threats to another pilot; a substandard performance on a flight check with Geiger the previous October; a flight check with the FAA in December that plaintiff had failed; requests by other pilots not to fly with Williamson; and a phone call plaintiff made to the FAA tower chief at Washington National Airport which Geiger characterized as bizarre.
 
 
 3
 Plaintiff, subsequent to his grounding, met with Dr. George Bates, the corporate medical director, after a further meeting with Geiger at which plaintiff's attorney was present. Geiger insisted that Williamson attend a medical evaluation program recommended by Dr. Bates at St. Mary's Rehabilitation Center in Minneapolis, Minnesota. Plaintiff admitted himself into St. Mary's Rehabilitation Center on March 28, 1978. Plaintiff testified that he agreed to attend St. Mary's only after Geiger promised complete confidentiality and a full review of his entire evaluation record.
 
 
 4
 After a period of routine evaluation, plaintiff was diagnosed as being in the "early stage of alcoholism" and St. Mary's recommended abstinence and participation in Alcoholics Anonymous. Plaintiff was discharged from St. Mary's on April 21 and returned to flight status on April 24. Dr. Bates, Geiger, and William Rudowsky, Geiger's supervisor, expressed concerns to each other about plaintiff's hostile work attitude during the weeks that followed. Plaintiff's superiors agreed to terminate his employment with Owens-Illinois. A prepared statement read to plaintiff notifying him of his termination stated that he was discharged because he had "made apparent" his "personal dislike for and hostility toward" his supervisor, Geiger, and that under the circumstances Owens-Illinois would not permit plaintiff to continue to fly corporate aircraft. Plaintiff was 47 years of age at the time of the termination.
 
 
 5
 Plaintiff filed this action in federal district court on May 24, 1979, alleging violation of the Age Discrimination in Employment Act. The basic allegation in the initial complaint was that plaintiff was terminated from his employment in May 1978 because of his age. Plaintiff later added two state law causes of action. In a breach of contract claim, plaintiff alleged that defendant made certain oral promises to him concerning his employment which it failed to fulfill. A defamation claim related primarily to statements and actions of plaintiff's immediate supervisor, Geiger.
 
 
 6
 The case was tried before a jury on April 12, 1983. At trial, the district court directed verdicts for defendant on plaintiff's charges anchored in breach of contract and defamation and his claim for liquidated damages. The trial court submitted to the jury issues of liability under the Age Discrimination in Employment Act. The jury returned a verdict of $262,096.00 in favor of plaintiff. Defendant filed a motion for judgment notwithstanding the verdict and for a new trial on May 30, 1983. The trial court in its opinion granting defendant's motion and entering final judgment for defendant concluded that although plaintiff had presented a prima facie case, defendant had articulated legitimate nondiscriminatory reasons for his discharge and plaintiff had failed to introduce evidence of pretext to rebut defendant's articulated reason for discharging him. The trial court also conditionally granted defendant's motion for a new trial. Plaintiff appealed both the judgment n.o.v. and the earlier directed verdicts to this court.
 
 
 7
 The issue joined by a motion for judgment n.o.v. is whether there exists sufficient evidence to raise a question of fact for the jury. Morelock v. NCR Corp., 586 F.2d 1096, 1104 (6th Cir. 1978), cert. denied, 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375 (1979). The question is one of law for the trial court in the first instance. Id. The reviewing court is held to the same standard as the trial court in determining this issue. Id. at 1105. In resolving whether the evidence is sufficient to support the verdict, the trial court may neither weigh the evidence, pass on the credibility of witnesses, nor substitute its judgment for that of the jury. Rather, the evidence must be viewed in the light most favorable to the party against whom the motion is made, drawing from the evidence all reasonable inferences in that party's favor. Id. at 1104. If the court determines that the evidence points so strongly in favor of the movant that reasonable minds could not conclude otherwise, the motion should be granted. Id. at 1104-05. A motion for judgment n.o.v. is improper unless the evidence is such that there can be but one reasonable conclusion as to the proper verdict. It is not to be granted if there is a conflict in the evidence, and the credibility of evidence is not to be considered in passing on a motion for judgment n.o.v. National Polymer Products, Inc. v. Borg-Warner Corp., 660 F.2d 171, 177-78 (6th Cir. 1981).
 
 
 8
 As modified to fit age discrimination cases, the McDonnell Douglas test requires that a plaintiff demonstrate that (1) he was a member of the protected class; (2) he was discharged; (3) he was qualified for the position; and (4) he was replaced by a younger person. Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 69 (6th Cir. 1982). The ultimate issue is whether age was a factor which made a difference in the decision of an employer to terminate an ADEA claimant. Id. at 70. Plaintiff, to support the jury's verdict, initially relied upon an article from Business and Commercial Aviation magazine (July 1978), compiled at approximately the time of the incidents herein, in which Geiger stated that trauma is often experienced with older pilots. Secondly, plaintiff introduced at trial Geiger's handwritten notes prepared for the meeting concerning plaintiff's initial removal from flight duties, which contained the reference, "Appearance (age 47)." Finally, plaintiff proffered defendant's "Aircrew Effectiveness Program" manual as expressing defendant's preference for pilots projecting a young appearance.
 
 
 9
 The foregoing evidence is not conclusive proof of age discrimination on the part of Owens-Illinois. However, considering the exacting standard of review to be applied by this court in passing on the propriety of a judgment notwithstanding a jury verdict, the court cannot conclude that no rational jury could find, based on the evidence in its entirety and the reasonable inferences therefrom, that plaintiff's age was a determining factor in defendant's decision to discharge him.
 
 
 10
 Unlike the case of a judgment n.o.v., the authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980). As such, this court must review the trial court's decision for abuse of that discretion. The trial court based its grant of a new trial on the fact that the verdict was contrary to the overwhelming weight of the evidence and that the damage award was excessive. The district judge grounded his conclusions as to the manifest weight of the evidence on his previous consideration of plaintiff's evidence in passing on the motion for judgment n.o.v., as well as on defendant's evidence.
 
 
 11
 On a motion for new trial, as distinguished from a motion for judgment n.o.v., the trial court may weigh the evidence. Moran v. Johns-Manville Sales Corp., 691 F.2d 811, 816 (6th Cir. 1982). Indeed, it is the duty of the judge to set aside the verdict and grant a new trial if he is of the opinion that the verdict is against the clear weight of the evidence. Bruner v. Dunaway, 684 F.2d 422, 425 (6th Cir. 1982), cert. denied, 459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983). Thus, on a motion for new trial, as contrasted with a motion for directed verdict or for judgment n.o.v., the judge may set aside the verdict even though there exists substantial evidence to support it. 11 Wright & Miller, Federal Practice and Procedure Sec. 2806 (1973).
 
 
 12
 The record in the case at bar discloses facts sufficient to support the district court's conviction that defendant had proffered legitimate nondiscriminatory reasons for terminating plaintiff which he had failed to rebut. Inasmuch as it was within the province of the district judge to weigh the evidence adduced at trial on defendant's motion for a new trial, this court finds that he did not abuse his discretion in granting the motion.[1]
 
 
 13
 Finally, after having considered the parties' briefs and arguments with respect to the district court's directed verdicts on the two pendent state law claims, the court concludes that plaintiff-appellant's assignments of error in this regard are not well-taken.
 
 
 14
 Accordingly, the judgment of the district court granting defendant-appellee's motion for judgment notwithstanding the verdict is REVERSED, the judgment conditionally granting defendant-appellee a new trial is AFFIRMED, and plaintiff-appellant's cause of action under the ADEA is REMANDED for a new trial.
 
 ORDER
 
 15
 The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.
 
 
 16
 The panel has further reviewed the petition for rehearing and the petition is denied. However, the panel has made certain minor modifications to its December 24, 1985 opinion and an amended opinion, reprinted in whole, is being separately entered today. The mandate shall issue seven (7) days from today.
 
 
 
 [1]
 Since the court concludes that the parties' evidence with respect to liability of defendant provided an adequate basis on which the trial court could predicate its grant of a new trial, the court need not address the district court's additional justification that the damages awarded by the jury were excessive