902 F.2d 43
 14 U.S.P.Q.2d 1891
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DSM RESINS, U.S., INC., Plaintiff-Appellee,
v.
EMS-AMERICAN GRILON, INC., EMS-Grilon Holding, Inc.,
EMS-Chemie Ag and EMS-Chemie Holding Ag,
Defendants-Appellants.
 No. 90-1239.
 United States Court of Appeals, Federal Circuit.
 March 21, 1990.
 
 Before ARCHER, Circuit Judge, and BALDWIN and BENNETT, Senior Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 The following have been submitted:
 
 1
 (1) EMS-American Grilon, Inc. et al.'s (EMS) motion for a stay, pending appeal, of the February 28, 1990 order, as amended on March 7, 1990, of the United States District Court for the District of South Carolina or, in the alternative, EMS' petition for writ of mandamus to direct the district court to vacate the orders;[1]
 
 
 2
 (2) DSM Resins, U.S. Inc.'s (DSM) opposition to the motion for a stay;
 
 
 3
 (3) DSM's motion to dismiss EMS' appeals for lack of jurisdiction;
 
 
 4
 (4) DSM's motion for costs and fees;
 
 
 5
 (5) EMS' opposition to DSM's motion to dismiss;
 
 
 6
 (6) DSM's motion to strike portions of EMS' opposition;
 
 
 7
 (7) EMS' motion for leave to file the opposition nunc pro tunc; and
 
 
 8
 (8) EMS' motion for leave to supplement the motion for leave.
 
 
 9
 The district court (1) denied EMS' motion to join DSM Resins, B.V. (a Dutch entity) as an indispensable party, (2) ordered discovery to proceed without delay, and (3) denied EMS' motion to stay the proceedings pending a decision by this court in a related action emanating from the United States District Court for the District of New Jersey. This is the order from which EMS appeals or, in the alternative, seeks to have vacated through mandamus.
 
 
 10
 As a threshold matter, we address jurisdiction. An order regarding the joinder of parties is interlocutory and not immediately appealable. See 28 U.S.C. 1295(a)(1) and 28 U.S.C. Sec. 1292. An order regarding the conduct of discovery is interlocutory and not immediately appealable. See 28 U.S.C. Sec. 1295(a)(1) and 28 U.S.C. Sec. 1292. An order denying a motion to stay proceedings is interlocutory and not immediately appealable. See 28 U.S.C. Sec. 1295(a)(1) and 28 U.S.C. Sec. 1292. See also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271 (1988) (order denying a motion to stay or dismiss an action when a similar action is pending in state court is not immediately appealable).
 
 
 11
 EMS' argument that the orders are appealable under the Cohen and/or Gillespie doctrines is to no avail.[2] The Supreme Court in Gulfstream Aerospace determined that an order denying a motion to stay an action does not satisfy the Cohen requirements. Nor do the joinder or discovery portions of the order meet the Cohen requirements. Further, this court recently acknowledged the Supreme Court's admonition that Gillespie is limited to the facts of that case. Copelands' Enterprises, Inc. v. CNV, Inc., 887 F.2d 1065, 1068 (Fed.Cir.1989) (in banc). Nor has EMS shown that it is entitled to the extraordinary remedy of mandamus. Gulfstream Aerospace, supra; Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33 (1980).
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 (1) EMS' motion for a stay, pending appeal, is moot in view of the dismissal of the appeal.
 
 
 14
 (2) EMS' petition for writ of mandamus is denied.
 
 
 15
 (3) DSM's motion to dismiss EMS' appeals are granted.
 
 
 16
 (4) DSM's motion for costs and fees is denied.
 
 
 17
 (5) All of the remaining motions are denied.
 
 
 
 [1]
 EMS' appeals of the February 28 and March 7 orders and its petition for writ of mandamus are all encompassed by the single appeal number 90-1239
 
 
 [2]
 See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 546 (1949) and Gillespie v. United States Steel Corp., 379 U.S. 148 (1964)