16 F.3d 419
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re Henry HENDLER, Paul Garrett, Tillie Goldring, as
Trustees, Henry Hendler, and Irving Gronsky, Petitioners.
 Misc. No. 382.
 United States Court of Appeals, Federal Circuit.
 Nov. 4, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Henry Hendler et al. petition for a writ of mandamus to direct the Court of Federal Claims to vacate its May 17, 1993 order denying Hendler's motion for interim compensation for property taken and for interim reimbursement of litigation costs.
 
 
 2
 In Hendler v. United States, 952 F.2d 1364, 1375, 1378 (Fed.Cir.1991), this court, inter alia, remanded this case to the trial court on the ground that the trial court erred in holding that there was no taking of Hendler's property by permanent physical occupation and noting that the issue of whether there was a regulatory taking remained in the case.
 
 
 3
 The case is presently on remand before the Court of Federal Claims. In April, Hendler moved for interim compensation for the physical taking and interim litigation costs. The trial court held that Hendler's request was premature because the United States is vigorously disputing the amount of damages entitled, there has been no specific amount of compensation awarded, and that even if appropriate, Hendler had not submitted sufficiently specific billing statements.
 
 
 4
 In his petition, Hendler argues that the trial court should have determined whether equity and fairness required interim compensation, that interim litigation costs should have been awarded by analogy to 42 U.S.C. Sec. 1988 (concerning litigation costs in civil rights cases), and because of the age of the property owners.
 
 
 5
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable. Id. While a showing of error may suffice to obtain a reversal on direct appeal, to issue a writ on such circumstances would undermine the settled limitations on the power of an appellate court to review interlocutory orders. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). If the matter falls within the discretion of the trial court, then the right to a particular result cannot be said to be clear and indisputable. Allied, 449 U.S. at 36.
 
 
 6
 Hendler does not cite a single case setting forth the standard for mandamus or any argument why this case satisfies that standard. To that end, Hendler has not carried his burden of establishing his right to issuance of a writ. Moreover, on the merits, Hendler has not established that his right to a writ is clear and indisputable. We agree with the trial court that the amount of damages due is an issue that remains to be litigated and that Hendler has not shown or sufficiently specified either that he is entitled to interim litigation costs or the amount.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 Hendler's petition is denied.