**In re Joseph P. CARSON, Petitioner.**

**Miscellaneous Docket No. 691.**

United States Court of Appeals,
Federal Circuit.

DECIDED: March 1, 2002.

Before MAYER, Chief Judge,
NEWMAN and CLEVENGER, Circuit
Judges.

### ORDER

PAULINE NEWMAN, Circuit Judge.

Joseph P. Carson petitions for a writ of mandamus to direct the Merit Systems

Protection Board to rule on his request for a stay using a specific legal criterion. Carson supplements his petition.

Carson has pending before the Board an individual right of action (IRA) appeal in which he is alleging that he should have been chosen for one of several GS–15 positions for which he applied. In May 2001, Carson moved for a stay, seeking to be promoted to GS–15 for pay purposes, pending resolution of his appeal. On May 15, 2001, the administrative judge (AJ) denied the request stating that in "essence, the appellant wants to prevail before the merits of his IRA appeal are adjudicated." The AJ further stated that a stay is to be used to stop or halt an action or to preserve the status quo and that Carson was not requesting that type of relief. The AJ denied Carson's motion for reconsideration or for certification of the AJ's interlocutory ruling to the Board. The AJ orally denied Carson's renewed request.

In his mandamus petition Carson asks the court to direct the AJ to rule "on the merits" of a future renewed request.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, 28 U.S.C. § 1651(a), has been to confine a trial tribunal to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Carson has not met the criteria for issuance of a writ. Specifically, Carson has not shown that he has no other means of attaining the relief required. If Carson prevails before the Board he may be entitled to back pay. If he does not prevail, he may seek review of the adverse decision by the Board and this court. To the extent that Carson is seeking review of the AJ's legal reasoning, if he does not prevail in his appeal, he may challenge that reasoning as well before the Board and this court.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.