In re SCANTIBODIES CLINICAL LAB-
ORATORY, INC. and Scantibodies
Laboratory, Inc., Petitioners.

No. 699.

United States Court of Appeals,
Federal Circuit.

May 8, 2002.

Before MAYER, Chief Judge, BRYSON
and PROST, Circuit Judges.

## ON PETITION FOR WRIT OF MANDAMUS

BRYSON, Circuit Judge.

### ORDER

Scantibodies Clinical Laboratory, Inc.
and Scantibodies Laboratory, Inc. petition
for a writ of mandamus to direct the Unit-
ed States District Court for the Southern
District of California to (1) vacate its order
denying Scantibodies' motion to disqualify
Brobeck, Phleger & Harrison, counsel to
Nichols Institute Diagnostics, Inc. and (2)
unseal the memorandum submitted in
camera by counsel representing Brobeck
in opposition to Scantibodies' motion to
disqualify. Nichols opposes. Scantibodies
moves to stay proceedings in the district
court pending resolution of this petition for
a writ of mandamus.

On November 27, 2001, three Scantibod-
ies executives met with Bradford Duft, a
partner at Brobeck, to interview Brobeck
as potential counsel. At the time of the
interview Douglas Olson, another partner
at Brobeck, represented Nichols. The day
after the meeting, Olson informed Duft
that Brobeck represented Nichols. Duft

later informed Scantibodies that Brobeck would be unable to represent Scantibodies.

On January 8, 2002, Nichols sued Scantibodies for patent infringement. Scantibodies moved to disqualify Brobeck on the ground that Duft had obtained confidential information during the November 27, 2001 meeting. The district court reviewed in camera the declarations and memoranda relating to the disqualification issue submitted by Scantibodies and Nichols. On March 21, 2002, the district court denied the motion to disqualify Brobeck. The district court found that an attorney-client relationship was not formed between Scantibodies and Duft as a result of the November 27, 2001 meeting. As such, the district court determined that Rules 3–310(C) and 3–310(E) of the Rules of Professional Conduct of the State Bar of California, governing conflicts of interest between multiple clients, did not warrant disqualification of Brobeck. The district court determined that Duft was personally disqualified from representing Nichols because he owed Scantibodies a duty of confidentiality, but that the entire Brobeck firm was not vicariously disqualified because it had promptly established an ethical screen.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporate Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v.*

*Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36, 101 S.Ct. 188.

■ In essence, Scantibodies is challenging the district court's factual findings that no attorney-client relationship was formed between Scantibodies and Duft and that the ethical screen adequately protected Scantibodies' confidentiality interests. Scantibodies' legal arguments are primarily based on the assumption that the factual findings are wrong. Additionally, Scantibodies argues that ethical screens cannot be used to prevent disqualification of an entire firm except in cases involving former judges and government attorneys. However, the district court relied on *In re County of Los Angeles,* 223 F.3d 990 (9th Cir.2000), in which the United States Court of Appeals for the Ninth Circuit, interpreting California state law, ruled that ethical screens were an appropriate mechanism for preventing disqualification of an entire firm in situations where one member of a firm is disqualified. We are not convinced that Scantibodies has met its heavy burden of showing that the district court's ruling or the factual findings underpinning the ruling are clearly and indisputably erroneous.

■ Additionally, the district court's decision to review the parties' declarations in camera was well within its discretion. As stated in *Allied,* 449 U.S. at 36, 101 S.Ct. 188, where a matter is committed to discretion, it cannot be said that a litigant's right is clear and indisputable.

Accordingly,

IT IS ORDERED THAT:

(1) Scantibodies' petition for a writ of mandamus is denied.

(2) Scantibodies' motion for a stay is moot.