In re: Jonathan STEELE, Petitioner.

No. 07–3569.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P. Oct. 5, 2007.

Filed Oct. 19, 2007.

Jonathan Steele, Sanderson, FL, pro se.

Before: SCIRICA, Chief Judge, WEIS
and GARTH Circuit Judges.

OPINION

PER CURIAM.

Petitioner Jonathan Steele, a prisoner proceeding *pro se*, petitions for a writ of prohibition or mandamus pursuant to 28 U.S.C. § 1651 requiring the U.S. District Court for the Eastern District of Pennsylvania to rule on his petition for an evidentiary hearing.[1]

Steele filed a motion to proceed *in forma pauperis* in connection with his complaint in Civil Action No. 07–2664 in the

District Court on June 25, 2007. The District Court denied Steele's motion on July 3, 2007, 2007 WL 1965530, on the ground that Steele was a prisoner who had filed at least three lawsuits that were frivolous, malicious or failed to state a claim, triggering the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(g). The District Court ordered the case closed. On July 16, 2007, Steele filed a petition for an evidentiary hearing to permit him to rebut the District Court's conclusion that Steele's prior lawsuits constituted "strikes." It appears that Steele's July 16 petition seeks reconsideration of the District Court's ruling on his motion to proceed *in forma pauperis*. Accordingly, the motion appears to be a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e).[2] The District Court has not yet ruled on that motion. On August 30, 3007, Steele filed this petition for a writ of mandamus and a motion to proceed *in forma pauperis* before this Court. We first must determine whether Steele may proceed *in forma pauperis*.

We have ruled that mandamus petitions are not "civil actions" or "appeals" subject to the requirements of the PLRA. *Madden v. Myers*, 102 F.3d 74, 77 (3d Cir.1996). In *Madden*, however, we also ruled that a "litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act." *Id.* at 78. Accordingly, if a prisoner files a "mandamus petition" that actually would initiate an appeal or a civil action, the

---

1. Steele has styled his petition as a petition for a writ of prohibition, but the relief he seeks is more appropriately characterized as a writ of mandamus. Nonetheless, "[t]he requirements for obtaining both writs are the same." *United States v. Santtini*, 963 F.2d 585, 594 (3d Cir.1992).

2. The filing date is the date petitioner handed his motion to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 275, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Because the certificate of service on petitioner's motion is dated July 16, 2007, it appears that his motion would be deemed filed as of that date.

PLRA applies. *Id.* Here, Steele seeks an order directing the District Court to rule on his motion for reconsideration, specifically, by holding an evidentiary hearing and issuing summons to the defendants in the underlying action. This falls within the scope of proper mandamus relief and does not evidence an intent to evade the requirements of the PLRA. *Id.* at 77. Accordingly, the PLRA does not apply.

Steele is entitled to proceed *in forma pauperis* upon a showing of financial eligibility. Steele's affidavit of poverty indicates that he has no money in his prison account, and that he faces several outstanding liens. Steele lacks the ability to pay the requisite filing fees. Accordingly, Steele's motion to proceed *in forma pauperis* is granted with respect to his mandamus petition.

As to the merits of Steele's petition, we find no basis for awarding mandamus relief. Steele seeks an order directing the District Court to rule on his motion for reconsideration. The remedy of mandamus is reserved for the most "extraordinary situations." *DeMasi v. Weiss,* 669 F.2d 114, 117 (3d Cir.1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (quoting *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953)) (quoting *United States v. Duell,* 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899)).

As we have previously held, district courts are given discretion over management of their dockets. *See In re Fine Paper Antitrust Litig.,* 685 F.2d 810, 817 (3d Cir.1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." *Allied Chem. Corp.,* 449 U.S. at 35–36, 101 S.Ct. 188. Nonetheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction. *Madden,* 102 F.3d at 79. The case before us does not meet that standard. Steele's motion for reconsideration was docketed on July 23, 2007. After just 38 days, Steele filed this petition for a writ of mandamus. Even if this period could be considered a "delay," it would not support issuance of a writ of mandamus by this Court. *See id.* (four month delay insufficient to support issuance of mandamus). We trust that the District Court will rule on petitioner's motion for reconsideration in an expeditious manner. Accordingly, we will deny the petition for a writ of mandamus. As we have concluded that the PLRA does not apply with respect to this mandamus petition, we deny, as unnecessary, Steele's motion in support of indigency.[3]

---

**3.** In his motion, Steele asserts that he does not have three "strikes." We express no view as to whether Steele's prior lawsuits cited by the District Court actually constitute "strikes" under the law of this Circuit.