

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2008

# USA v. Awala

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5479

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Awala" (2008). *2008 Decisions.* Paper 1766.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1766

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-5479

UNITED STATES OF AMERICA

v.

GBEKE AWALA,

Appellant

No: 06-2718

UNITED STATES OF AMERICA

v.

GBEKE MICHAEL AWALA,

Appellant

On Appeal from the United States District Court
for the District of Delaware
D.C. No. 04-cr-00090
District Judge: Hon. Kent A. Jordan

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 6, 2007

Before: McKee, Chagares & Hardiman, <u>Circuit Judges</u>

(Filed: January 11, 2008)

OPINION

McKee, <u>Circuit Judge</u>

Gbeke Awala appeals his conviction for illegal re-entry following deportation from

the United States in violation of 8 U.S.C. §§ 1326(a), (b)(2). For the reasons that follow, we will affirm the judgment of conviction.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the factual or procedural background.

## I.

Awala relies in large part upon *Illinois v. Allen*, 397 U.S. 337 (1970) in arguing that the district court erred in not allowing him to return to the courtroom after removing him because of his outburst. The Court in *Allen* recognized three general responses to a disruptive defendant. Awala stresses that the judge here did not adopt any of the responses authorized under *Allen,* and he notes that the judge did not allow him the same opportunity to return to the trial that Allen was afforded. Awala also stresses that his attorney twice told the court that he (Awala) wished to return and promised to behave if allowed to return. Nevertheless, the court persisted in forbidding Awala's return. Awala claims that this was a violation of his Fifth and Sixth Amendment rights.

Although the court's response here was not one of the responses discussed and approved in *Allen,* the Court in *Allen* carefully avoided limiting a trial court's options. The Court did not hold that the Constitution only permitted the three responses to disruptive behavior that it discussed. Rather, the Court merely held that the trial court's response to Allen's conduct was not an abuse of discretion or a constitutional violation. *Id.* at 347. Given the nature of Awala's conduct, and the judge's appropriate and well-founded concern that Awala was attempting to manipulate the process, we cannot

2

conclude that the trial court here abused its discretion in not allowing Awala to return to the courtroom.

Awala also cites Fed. R. Crim. P. 43. That Rule states that a defendant must be present "at every trial stage including jury empanelment and the return of the verdict." However, the rule also provides that a defendant waives the right to be present "when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom." Fed. R. Crim. P. 43(c)(1)(C). Awala claims he was not warned about removal as required by the Rule. The record is to the contrary. The court told Awala: "You've got to compose yourself or I will take you out of here," and "Can you compose yourself and do you want me to continue or do you want me to have you removed from the courtroom?" Awala was also warned before the trial even began. He became disruptive during a hearing on his motions, and he was warned then that he would be removed and stand-by counsel would be appointed if he did not behave.

## II.

Awala also claims that the court should have granted a mistrial after his outburst. However, the trial judge concluded (with substantial justification), that Awala's distruptive behavior "was more likely than not calculated to cause a mistrial,"[*] and gave an appropriate curative instruction.

---

[*] After the defendant was removed from the courtroom, he told a Deputy Marhsall: "I did what I had to do. I had to do it." App. 383.

Awala argues that the court should have conducted a *voir dire* of the jurors to ascertain if they could be objective after his outburst. However, he never requested any such *voir dire*, and it was not required given the court's instructions. Moreover, as we have previously explained, allowing "courtroom outbursts and disruptions" to constitute "justifications for retrials. . . would provide an easy device for defendants to provoke mistrials whenever they choose to do so." *United States v. Bamberger*, 456 F.2d 1119, 1128 (3d Cir. 1972).

## III.

Awala argues that the district court erred in failing to allow counsel to argue the *corpus delicti* rule in his closing argument and refusing to give the jury any instruction on the rule. The court refused to give the proffered instruction because the court was not persuaded that the proffered instruction was a correct statement of the law and because it was submitted after jury instructions had already been submitted and approved by both parties.

By failing to raise this issue until after jury instructions had already been approved, Awala has waived it. Moreover, even if it had been raised, the request should have been rejected because the *corpus delicti* doctrine does not apply here. *See Warszower v. United States*, 312 U.S. 342 (1941).

## IV

Awala's challenge to the weight and sufficiency of the evidence is an extension of his *corpus delicti* argument. He claims that, absent his own statements, the only evidence

4

of his alienage is his Nigerian birth certificate and Agent Gonzalez's statement that there was nothing in Awala's file to prove he was an American citizen. However, his own statement and Agent Gonzalez's testimony were properly in evidence, and the evidence introduced is sufficient to support the verdict. *United States v. Hodge*, 321 F.3d 429, 439 (3d Cir. 2003).

## V.

Awala has filed a *pro se* motion arguing for the opportunity to file a *pro se* brief. However, he continues to be represented by Mr. Stretton who is an exceptionally capable, experienced and professional attorney. We reject Awala's argument that Stretton is no longer representing him because we have not granted Stretton leave to withdraw, and Stretton has submitted a brief on behalf of Awala. Accordingly, Stretton is more than the standby counsel Awala tries to portray him as. Inasmuch as Awala continues to be ably represented, we will not consider Awala's *pro se* brief. *See* L.A.R. 31.3.

## Conclusion

For all the reasons set forth above, we will affirm the judgment of conviction.