OPINION
PER CURIAM.
Pro se petitioner Gbeke Michael Awala was convicted in the United States District Court for the District of Delaware of one count of illegal re-entry into the United States following deportation based on his status as an aggravated felon. He has filed a document entitled “Petition for Writ of Habeas Corpus and Stay of Deportation, Petition for Declaratory Judgment and Permanent Injunction, Petition for Hearing on Immigration Judges Judicial Misconduct, Petition for Writ of Mandamus Compelling Federal Government to Make Payment ($1 Billion) in U.S. Currencies to Petitioner for Damages Under a Prima Facie Tort Claim.” For the reasons that follow, we will deny the petition.
Awala was convicted of illegal re-entry in January 2006. Following his sentencing in May 2006, he filed a notice of appeal in this Court, raising many of the same issues presented in the instant petition. On January 11, 2008, this Court affirmed Awala’s conviction and sentence. See United States v. Awala, 260 Fed.Appx. 469 (3d Cir.2008). Awala then filed a § 2255 motion which the District Court denied by opinion and order entered on January 4, 2010. On January 15, 2010, he filed a motion for reconsideration and an eviden-tiary hearing in the District Court which remains pending.
*321 In the instant petition, Awala argues that he is a United States citizen by birth and therefore cannot be removed from this country. He demands the issuance of a United States passport, the return of the documents demonstrating his citizenship, and the payment of $1 billion in compensatory and punitive damages for intentional infliction of emotional distress, wrongful death, genocide, torture, economic loss and mental distress. Additionally, he seeks to challenge the constitutionality of his immigration proceedings, the conduct of his criminal trial by Judge Jordan, and the effectiveness of his attorney during that trial. While some of these claims may be cognizable in the context of a proper appeal from the District Court’s denial of his § 2255 motion, once his motion for reconsideration has been addressed, none of them is the proper subject of a mandamus petition.
The remedy of mandamus is reserved for the most extraordinary of circumstances, DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir.1982), and may not be used as a substitute for the regular appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir.2006). A petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is “clear and indisputable.” Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). This Court affirmed Awala’s conviction and sentence in 2008. Awala’s motion for reconsideration from the District Court’s denial of his § 2255 motion is currently pending in the District Court. If his motion is denied, Awala may appeal to this Court. None of the relief requested in the present motion is the proper subject of a mandamus petition and therefore, Awala cannot demonstrate that his right to issuance of the writ is “clear and indisputable.”
Based on the foregoing, we will deny the petition for a writ of mandamus.