ALLIED CHEMICAL CORP. ET AL. v. DAIFLON, INC.

No. 79–1895.  Decided November 17, 1980

PER CURIAM.

Respondent, Daiflon, Inc., is a small importer of refrigerant gas that brought an antitrust suit against all domestic manufacturers of the gas.  Petitioner E. I. du Pont de Nemours & Co. was accused of monopolizing the industry in violation of § 2 of the Sherman Act, 15 U. S. C. § 2.  All petitioners were accused of conspiring to drive respondent out of business in violation of § 1 of the Sherman Act, 15 U. S. C. § 1.

After a 4-week trial, the jury returned a verdict for the respondent and awarded $2.5 million in damages.  In a subsequent oral order, the trial court denied petitioners' motion for a judgment notwithstanding the verdict, but granted a motion for new trial.  The trial court acknowledged in its oral order that it had erred during trial in certain of its evidentiary rulings and that the evidence did not support the amount of the jury award.

Respondent then filed a petition for a writ of mandamus with the Court of Appeals for the Tenth Circuit requesting that it instruct the trial court to reinstate the jury verdict. The Court of Appeals, without a transcript of the trial proceedings before it,[1] issued a writ of mandamus directing the trial court to restore the jury verdict as to liability but permitting the trial court to proceed with a new trial on damages. *Daiflon, Inc.* v. *Bohanon,* 612 F. 2d 1249. Petitioners seek review of this action of the Court of Appeals by their petition for certiorari with this Court.

An order granting a new trial is interlocutory in nature and therefore not immediately appealable. The question presented by this petition is therefore whether a litigant may obtain a review of an order concededly not appealable by way of mandamus. If such review were permissible, then the additional question would be presented as to whether the facts in this particular case warrant the issuance of the writ.

It is not disputed that the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. *Will* v. *United States,* 389 U. S. 90, 95 (1967); *Bankers Life & Cas. Co.* v. *Holland,* 346 U. S. 379, 382–385 (1953); *Ex parte Fahey,* 332 U. S. 258, 259 (1947). On direct appeal from a *final* decision, a court of appeals has broad authority to "modify, vacate, set aside or reverse" an order of a district court, and it may direct such further action on remand "as may be just under the circumstances." 28 U. S. C. § 2106. By contrast, under the All Writs Act, 28 U. S. C. § 1651 (a), courts of appeals may issue a writ of mandamus only when "necessary or appropriate in aid of their respective jurisdic-

---

[1] The Court of Appeals did request that each party prepare a summary of the evidence presented in the trial court. The petitioners objected to this procedure which substituted a summary prepared by each party in lieu of the trial transcript. The court acknowledged in its opinion that the summary eventually filed by the petitioners only summarized the testimony of one witness and that the court was unaware of the identity of, or the testimony given by, the petitioners' other witness.

tions." Although a simple showing of error may suffice to obtain a reversal on direct appeal, to issue a writ of mandamus under such circumstances "would undermine the settled limitations upon the power of an appellate court to review interlocutory orders." *Will* v. *United States, supra,* at 98, n. 6.

This Court has recognized that the writ of mandamus "has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Will* v. *United States, supra,* at 95, quoting *Roche* v. *Evaporated Milk Assn.,* 319 U. S. 21, 26 (1943). Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy. *Will* v. *United States, supra,* at 95.

The reasons for this Court's chary authorization of mandamus as an extraordinary remedy have often been explained. See *Kerr* v. *United States District Court,* 426 U. S. 394, 402–403 (1976). Its use has the unfortunate consequence of making a district court judge a litigant, and it indisputably contributes to piecemeal appellate litigation. It has been Congress' determination since the Judiciary Act of 1789 that as a general rule appellate review should be postponed until after final judgment has been rendered by the trial court. A judicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would "run the real risk of defeating the very policies sought to be furthered by that judgment of Congress." *Id.,* at 403. In order to insure that the writ will issue only in extraordinary circumstances, this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, *ibid.; Roche* v. *Evaporated Milk Assn., supra,* at 26, and that he satisfy the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Bankers Life & Cas. Co.* v. *Holland, supra,* at 384, quoting *United States* v.

*Duell,* 172 U. S. 576, 582 (1899). In short, our cases have answered the question as to the availability of mandamus in situations such as this with the refrain: "What never? Well, *hardly* ever!"

A trial court's ordering of a new trial rarely, if ever, will justify the issuance of a writ of mandamus. On the contrary, such an order is not an uncommon feature of any trial which goes to verdict. A litigant is free to seek review of the propriety of such an order on direct appeal after a final judgment has been entered. Consequently, it cannot be said that the litigant "has no other adequate means to seek the relief he desires." The authority to grant a new trial, moreover, is confided almost entirely to the exercise of discretion on the part of the trial court. Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is "clear and indisputable." *Will* v. *Calvert Fire Ins. Co.,* 437 U. S. 655, 666 (1978) (plurality opinion).

To overturn an order granting a new trial by way of mandamus indisputably undermines the policy against piecemeal appellate review. Under the rationale employed by the Court of Appeals, any discretionary order, regardless of its interlocutory nature, may be subject to immediate judicial review.[2] Such a rationale obviously encroaches on the conflicting policy against piecemeal review, and would leave that policy at the mercy of any court of appeals which chose to disregard it.[3]

---

[2] It is worth noting that this case does not present the first instance in which the Court of Appeals felt it appropriate to overturn a new-trial order by the use of a common-law writ. In *Kanatser* v. *Chrysler Corp.,* 199 F. 2d 610 (CA10 1952), the court reached the same result by granting a writ of certiorari.

[3] Even if it be appropriate in certain circumstances to use mandamus to review a discretionary order by a trial court, the new-trial order entered in this case would not appear to be a likely candidate. A trial judge is not required to enter supporting findings of facts and conclusions of law when granting a new-trial motion. See Fed. Rule

The petition for a writ of certiorari is therefore granted, and the order of the Court of Appeals granting the writ of mandamus is

*Reversed.*

JUSTICE STEWART and JUSTICE STEVENS took no part in the consideration or decision of this case.

JUSTICE BLACKMUN, with whom JUSTICE WHITE joins, dissenting.

I have no quarrel with the general principles enunciated by the Court in its *per curiam* opinion. Of course, only exceptional circumstances justify the extraordinary remedy of mandamus. I sense, however, from the rather voluminous material that is before us (as contrasted with the average petition for certiorari), and from the Court of Appeals' careful review of the law and the decided cases concerning the use of the mandamus power, that this is an unusual case and that there well may be more here than appears at first glance. I therefore would not decide, peremptorily and summarily, what circumstances, if any, justify a federal appellate court's issuance of a writ of mandamus to overturn a trial court's order granting a new trial.* Instead, I would grant the

---

Civ. Proc. 52 (a). It cannot be contended with any certainty that the trial court in this case, when entering its oral order granting a new trial, intended to set forth each and every reason for its order. The trial court did note, however, that it had made errors in the admission of certain documentary evidence and that it felt the petitioners had not received a fair trial. Given that the Court of Appeals did not have a complete transcript of the proceedings before it, see n. 1, *supra,* and that there could be other unarticulated bases for the new-trial order, it would seem all but impossible for the Court of Appeals to hold as a matter of law that the trial court clearly abused its discretion in entering the new-trial order.

*To the extent that the Court's decision in this case is based upon the inadequacy of the record before the Court of Appeals, the proper remedy is to remand for further proceedings based upon a complete record.

petition for certiorari and give the case plenary consideration so that we may examine carefully the factors and considerations that prompted the Court of Appeals to issue the writ. I feel that the case deserves at least that much.