103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Larry R. MANNS, Petitioner.
 No. 96-3575.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 15, 1996.
Decided Nov. 20, 1996.
 
 Before EASTERBROOK, KANNE and ROVNER, Circuit Judges.
 
 Order
 
 1
 Larry Manns, a debtor in bankruptcy, recently filed his second petition for a writ of mandamus. The first (No. 95-2783) was denied without comment. The second is equally frivolous. It contends that there must be an automatic stay of any distribution from an estate pending appeal from the bankruptcy judge to the district judge, because it may be hard to recover the money if the court reverses, and the estate's assets serve the role of a supersedeas bond. The petition does not cite any statute, rule, or decision supporting such a proposition. Distribution from an estate in bankruptcy need not await the end of the case and the exhaustion of every possible appeal. Doubtless a district judge has discretion to enter a stay, but unless the stay is compulsory mandamus does not lie--for this writ is designed to control usurpations of power and is not a device by which an appellate court reviews the many discretionary decisions entailed in the management of a lawsuit. See Allied Chemical Corp. v. Daiflon, 449 U.S. 33 (1980); Kerr v. United States District Court, 426 U.S. 426 (1976). The petition for mandamus is denied.
 
 
 2
 These two petitions led us to be concerned that Manns and his lawyers are trying to string out the case in order to impose costs on the estate's principal creditor: Manns' wife, with whom he is engaged in bitter divorce proceedings. Personal animosities cannot be allowed to affect the conduct of litigation, and must not deflect counsel from adherence to rules of orderly procedure developed for the protection of all litigants. Judicial time wasted in one case comes at the expense of litigants in other suits. We ordered counsel to show cause why they should not be disciplined for professional misconduct. Their response leads us to conclude that the two petitions for mandamus were filed more out of ignorance than out of malice. Accordingly, the order to show cause is discharged. Before filing any more petitions for extraordinary writs, however, counsel should be extraordinarily careful to ensure that the law supports their contentions.