**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 00-6827**

_____

In Re: KENNETH TRIBBLE,

                                        Petitioner.


_____

On Petition for Writ of Mandamus.
(CA-97-184-5-3-MU)

_____

Submitted: August 29, 2000          Decided: October 19, 2000

_____

Before WIDENER, LUTTIG, and KING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Kenneth Tribble, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kenneth Tribble filed this petition for a writ of mandamus asking this court to compel the district court to enter a final order in his action filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000), which he filed in November 1997. Mandamus is a drastic remedy to be used only in extraordinary circumstances. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)). Tribble carries the heavy burden of establishing that he has no other adequate means to attain relief and that his entitlement to such relief is clear and indisputable. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).

Tribble has failed to make the requisite showing for such extraordinary relief. We have reviewed the district court's docket report and conclude that, after an inordinately lengthy delay in its consideration of Tribble's case, the court has resumed active consideration of it. Therefore, it appears that a decision from the court is forthcoming, and Tribble's entitlement to mandamus relief is not—at this point—clear and indisputable. We therefore deny Tribble's mandamus petition without prejudice to his refiling should the district court not issue a decision within a reasonable time. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED