**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 00-1568**

———————————

In Re: CAMILLE T. TAYLOR,

Petitioner.

———————————

**No. 00-1569**

———————————

In Re: CAMILLE T. TAYLOR; SIMON BANKS, Doctor,

Petitioners.

———————————

On Petitions for Writ of Mandamus.
(CA-00-630-A, CA-00-682-A)

———————————

Submitted:  September 29, 2000      Decided:  October 19, 2000

———————————

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

———————————

Petitions denied by unpublished per curiam opinion.

———————————

Camille T. Taylor, Simon Banks, Petitioners Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

In these consolidated mandamus petitions, Camille Taylor and Simon Banks seek orders staying the district court's remand to state court of <u>Charles E. Smith Residential Realty, L.P. v. Taylor</u>, No. 00-CV-630 (E.D. Va. May 1 & May 26, 2000), and consolidating that action with a separate case Taylor and Banks filed in the district court, <u>Taylor v. Charles E. Smith Residential Realty, L.P.</u>, No. 00-CV-682 (E.D. Va. Aug. 21, 2000). Although we grant the motions for leave to proceed in forma pauperis, we deny the petitions.

Mandamus relief is available only when the petitioner has a clear right to the relief sought. <u>See</u> <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980); <u>In re First Fed. Sav. & Loan Ass'n</u>, 860 F.2d 135, 138 (4th Cir. 1988). In addition, mandamus is a drastic remedy and should only be used in extraordinary situations. <u>See</u> <u>Kerr v. United States Dist. Court</u>, 426 U.S. 394, 402 (1976); <u>In re Beard</u>, 811 F.2d 818, 826 (4th Cir. 1987). Here, the district court lost jurisdiction over case No. 00-CV-630 as soon as it entered the remand order. <u>See</u> <u>In re Lowe</u>, 102 F.3d 731, 736 (4th Cir. 1996). Thus, the district court could not properly have stayed its remand order, and we will not order the district court to do so. Further, because No. 00-CV-630 was remanded pursuant to 28 U.S.C. § 1446 (1994), the remand order is not reviewable. <u>See</u> 28 U.S.C. § 1447(d) (1994). Accordingly, any attempt by this court

to stay the remand would not be "in aid of" our jurisdiction, so mandamus relief is not appropriate. 28 U.S.C. § 1651(a)(1994); see Allied Chemical Corp., 449 U.S. at 34-35. Thus, we decline to award the relief requested.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED

3