**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 00-6831**

———————————

In Re: AARON HEADSPETH,

                                        Petitioner.


———————————

On Petition for Writ of Mandamus.  (CA-99-485-5)

———————————

Submitted:  November 22, 2000      Decided:  December 19, 2000

———————————

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Aaron Headspeth, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Aaron Headspeth has filed a petition for a writ of mandamus from this Court. He asks the Court to direct the district court to expedite its review of his 28 U.S.C. § 2241 (1994) petition. Subsequent to Headspeth's filing in this Court, however, a magistrate judge issued a report and recommendation regarding Headspeth's § 2241 petition. As it appears that the case is currently progressing, intervention by this court is not warranted.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Headspeth has not made such a showing. Accordingly, we deny Headspeth's petition for mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2