**In re Emmett CLEMENTE, Ascent Pediatrics, Inc., Robert W. Mendes, Edward P. Gamson, and Welsh & Katz, Ltd., Petitioners.**

No. 676.

United States Court of Appeals, Federal Circuit.

Aug. 14, 2001.

Before BRYSON, GAJARSA, and DYK, Circuit Judges.

## ON PETITION FOR WRIT OF MANDAMUS

BRYSON, Circuit Judge.

### ORDER

Emmett Clemente, Ascent Pediatrics, Inc., Robert W. Mendes, Edward P. Gamson, and Welsh & Katz, Ltd. (Ascent) petition for a writ of mandamus to direct the United States District Court for the Northern District of Illinois to vacate its order directing Ascent to produce certain documents containing attorney-client communications and work product and to stay, pending resolution of the mandamus petition, production of the documents.

■ In the underlying action, Medeva Pharmaceuticals et al. sued Morton Grove Pharmaceuticals for patent infringement. This matter stems from a subpoena action by Morton Grove against Ascent for non-party discovery. The district court determined that Ascent waived any claim for privilege on two grounds. The first ground related to the merits of the waiver and the second was based on Ascent's failure to timely prepare a privilege log in accordance with Fed.R.Civ.P. 45(d)(2). Rule 45(d)(2) provides:

When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Ascent does not contest that it failed to prepare a privilege log as contemplated by the rule. In its mandamus petition and

motion for stay, it merely asserts that it eventually produced a privilege log and focuses, instead, on the merits of the waiver issue. The traditional use of the writ of mandamus in aid of appellate jurisdiction, 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

We are not persuaded that the district court erred in its ruling on the waiver of the privilege or the failure to prepare a timely privilege log. Ascent has therefore not met its burden of establishing that it has a "clear and indisputable" right to the issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for writ of mandamus is denied.

(2) The motion for a stay is moot.