In re SCANTIBODIES CLINICAL LABORATORY, INC. and Scantibodies Laboratory, Inc., Petitioners,

Nichols Institute Diagnostics, Inc., Plaintiff–Appellee,

v.

Scantibodies Clinical Laboratory, Inc. and Scantibodies Laboratory, Inc., Defendants–Appellants.

Nos. MISC. 717, 03–1031.

United States Court of Appeals, Federal Circuit.

Dec. 19, 2002.

Before MICHEL, CLEVENGER, and LINN, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

CLEVENGER, Circuit Judge.

*ORDER*

Scantibodies Clinical Laboratory, Inc. et al. (Scantibodies) petition for a writ of

mandamus to compel the United States District Court for the Southern District of California (1) to vacate its order that Scantibodies' motion for summary judgment of invalidity was moot and (2) to hold a hearing on the motion and on the issue of correction of inventorship. In the alternative, Scantibodies moves for reconsideration of this court's order dismissing its appeal of the district court's order as interlocutory. Nichols Institute Diagnostics, Inc. (Nichols) opposes. Scantibodies replies.

Nichols is the sole licensee of a patent related to a peptide. Nichols sued Scantibodies for infringement of the patent. Scantibodies moved for summary judgment of invalidity, arguing that the patent was invalid for failure to name a fourth inventor. While that motion was pending, the owner of the patent applied for correction of inventorship with the Patent and Trademark Office. The PTO granted the application to add the fourth inventor. The district court held that the correction of inventorship rendered the motion for summary judgment moot and that Scantibodies could raise later the issue of the alleged deceptive intent of the fourth inventor. Scantibodies appealed the denial of its motion for summary judgment, and we dismissed that appeal for lack of jurisdiction.

A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Scantibodies has not convinced us that is has no other means of attaining the relief desired because it may argue that any pertinent rulings were er-

roneous in an appeal from a final judgment. For that same reason, Scantibodies' argument that the interlocutory order denying its motion for summary judgment is appealable pursuant to *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), must be rejected. *See Digital Equip. Corp. v. Desktop Direct,* 511 U.S. 863, 869, 873, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (failure to establish that an issue would be "effectively unreviewable" in an appeal from a final judgment will foreclose an attempted appeal under *Cohen;* an asserted right to not go to trial, except in exceptional circumstances, is not sufficient to establish appellate jurisdiction).

Accordingly,

IT IS ORDERED THAT:

(1) Scantibodies' petition for a writ of mandamus is denied.

(2) Scantibodies' motion for reconsideration is denied.