

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2006

# In Re: Alvin Conerly

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5292

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Alvin Conerly " (2006). *2006 Decisions*. Paper 1446.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1446

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5292
_____

IN RE: ALVIN CONERLY,

<u>Petitioner</u>

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. No. 96-cv-00039)

_____

Submitted Under Rule 21, <u>Fed. R. App. Pro.</u>
February 16, 2006
Before: SLOVITER, MCKEE AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed March 13, 2006)

_____

OPINION
_____

PER CURIAM

Pro se petitioner Alvin Conerly seeks a writ of mandamus to compel the United

States District Court for the District of New Jersey to reach a decision on a 28 U.S.C.

§ 2255 motion that asked whether the federal court had proper jurisdiction to try and

convict him in his 1981 trial.  We will deny the petition.

In April 2004, Conerly filed a third, successive motion pursuant to 28 U.S.C.

§ 2255. Conerly also filed a motion for leave to proceed in forma pauperis. On July 14, 2004, the District Court entered an order granting Conerly's application to proceed in forma pauperis on the condition that Conerly submit a certified copy of his trust fund account statement, pursuant to 28 U.S.C. § 1915(a)(2), within 45 days of the order. On October 8, 2004, the District Court entered an order withdrawing the § 2255 motion due to Conerly's failure to file the trust fund account statement within the required time period. Conerly filed his petition for a writ of mandamus on November 28, 2005.

The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to attain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980).

Conerly's mandamus petition suggests he is unaware that the District Court withdrew his § 2255 motion when he failed to submit a trust fund account statement. See Mandamus Petition, 1 (stating that the motion "lays with the U.S. District Court"). As noted, however, the District Court withdrew the motion in an order entered on October 8, 2004. We note that Conerly submitted an address change to the District Court at about that same time; the District Court's own docket indicates that the withdrawal order was returned by the United States Postal Service as undeliverable. It may be understandable, then, that Conerly believes his motion remains pending. In any event, for the reasons we have detailed, nothing is currently pending before the District Court, and–contrary to

Conerly's suggestion–it cannot be said that the District Court has improperly failed to exercise any jurisdiction to entertain Conerly's arguments.

We make one final observation. The District Court's insistence that Conerly submit a trust fund account statement may have stemmed from an erroneous assumption that § 1915(a)(2) applies in habeas and similar proceedings. It does not. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). Regardless, even if the District Court need not have required the submission of the account statement, it could not have reached the merits of Conerly's § 2255 motion. Because Conerly's motion was not his first, he needed to obtain this court's certification before proceeding again in the District Court. See § 2255 ¶ 8.

Because Conerly's § 2255 motion is no longer pending in the District Court, we will deny the petition for a writ of mandamus. See Allied Chem. Corp., 449 U.S. at 35.