

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2006

# In Re: Gene Herrold

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5576

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Gene Herrold " (2006). *2006 Decisions.* Paper 1361.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1361

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5576
_____

IN RE: GENE ALLEN HERROLD,
Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. No. 05-cv-0205J
_____
Submitted Under Rule 21, Fed. R. App. Pro.
March 29, 2006
Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

(Filed: March 30, 2006)
_____

OPINION
_____

PER CURIAM.

Pro se petitioner Gene Allen Herrold, a federal prisoner, seeks a writ of

mandamus to compel the United States District Court for the Western District of

Pennsylvania to decide the merits of his 28 U.S.C. § 2241 habeas petition, which was

filed on April 15, 2005. Alternatively, Herrold seeks an order from the District Court

directing the respondent to show cause why the § 2241 petition should not be granted.

We will deny the petition as moot.

In April 2005, Herrold filed a habeas petition pursuant to 28 U.S.C. § 2241. In the petition, he attacked his conviction and sentence stemming from his violation of federal firearm laws in 1991. On or about August 1, 2005, Herrold filed a Motion for Disposition to prod the District Court to rule on his habeas petition.

The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980).

Here, on March 2, 2006, the District Court denied Herrold's habeas petition without prejudice to his filing a successive motion to vacate if authorized by this court. Moreover, the District Court forwarded Herrold's habeas petition to this court as an application for authorization to file a successive motion to vacate. In light of the District Court's order, Herrold's petition for a writ of mandamus will be denied as moot.