

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2008

# In re: Michael Reyno

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In re: Michael Reyno " (2008). *2008 Decisions.* Paper 537.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/537

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1785
_____

IN RE: MICHAEL CURTIS REYNOLDS,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to 07-cv-00712)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 29, 2008
Before:   SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed: September 15, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Michael Curtis Reynolds is a prisoner confined at the United States Penitentiary,

Lewisburg, Pennsylvania.  Proceeding pro se and in forma pauperis, he seeks a writ of

mandamus to compel a ruling of summary judgment in his favor.

Reynolds filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against two

correctional officers and a prison board member.  After filing his complaint, Reynolds

filed several motions for a default judgment against the defendants.  The District Court

ordered the defendants to show cause why a default judgment should not issue, and the defendants ultimately filed an answer to Reynolds' complaint. Thereafter, Reynolds filed a series of motions for summary judgment and/or judgment on the pleadings. After the District Court denied those motions in light of the defendants' answer, Reynolds filed the instant mandamus petition claiming an entitlement to summary judgment in his favor on the grounds that a default judgment should have been entered against the defendants.

Mandamus relief is appropriate in only the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). Petitioners must demonstrate that they have no other adequate means available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980)). Here, Reynolds seeks an order directing a entry of summary judgment in his favor, but he has not demonstrated that his right to such a ruling is "clear and indisputable."

As we have previously held, the management of its docket is committed to the sound discretion of the district court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chem. Corp., 449 U.S. at 35-36. Nonetheless, we have held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

2

Reynolds presents none of the extraordinary circumstances warranting the grant of mandamus relief in this case. Although he cites defendants' delay, they have finally answered his complaint. Nor has Reynolds demonstrated undue delay on the part of the District Court. When the defendants delayed in filing an answer to Reynolds's complaint, the District Court issued orders to show cause as to why a default judgment should not issue, and the defendants furnished an answer. The District Court has also timely addressed Reynolds's motions, and we trust that it will continue to move this case along expeditiously. Therefore, we will deny the petition for a writ of mandamus.