

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2008

# Weldon v. US Atty MD PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3657

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Weldon v. US Atty MD PA" (2008). *2008 Decisions*. Paper 420.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/420

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3657
_____

ROBERT C. WELDON,
                                        Appellant

v.

U.S. ATTORNEY FOR THE MIDDLE DISTRICT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-1502)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 14, 2008
Before: AMBRO, FUENTES and JORDAN,  Circuit Judges

(Opinion filed:  October 2, 2008)
_____

OPINION
_____

PER CURIAM

    Robert C. Weldon, a pro se prisoner, appeals the dismissal of a mandamus petition

that he filed pursuant to 28 U.S.C. § 1361 in the United States District Court for the

Middle District of Pennsylvania.[1]  Weldon petitioned the District Court to order the U.S. Attorney's Office for the Middle District of Pennsylvania to initiate an investigation into alleged civil rights violations at SCI-Dallas and to pursue a civil and/or criminal action. He also requested that the District Court order the U.S. Marshal Service to assist in the investigation, appoint counsel for Weldon, order a seizure of all records, direct the prison to place Weldon in a safer housing unit, and allow Weldon to recover evidence "within the state."

Weldon alleges that prison officials violated his civil rights by disclosing to other inmates that he was convicted of a sex offense.  Weldon alleges that prison officials called him a "homosexual pedophile" and falsely accused him on three separate occasions of committing homosexual acts, which has further incited other inmates to abuse Weldon with the prison officials' knowledge and/or participation.  Weldon alleges that he has been placed in the restrictive housing unit as a result of false misconduct reports.  Weldon also alleges that he has been denied food trays.

The District Court dismissed Weldon's mandamus petition pursuant to § 28 U.S.C. 1915(e)(2), on the basis that mandamus is an extraordinary remedy to which Weldon was not entitled.  Weldon appealed, and appellees filed a motion for summary affirmance.

---

[1]Weldon also cites 28 U.S.C. § 1651 as a basis for the District Court's jurisdiction, but the substance of his petition falls squarely within the scope of § 1361, which authorizes the District Courts "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

2

As the District Court observed, the remedy of mandamus is reserved for the most "extraordinary situations." DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (citations omitted); Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 434 (4th Cir. 2005). As Weldon's petition involves matters that can be pursued through a civil action pursuant to 42 U.S.C. § 1983, Weldon has not established that mandamus relief is warranted.

Accordingly, we will grant appellee's motion and summarily affirm the order of the District Court.