HLD-093   (January 2011)                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4607
_____

IN RE:  EARL D. HICKSON, SR.,
                                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 08-cv-02407)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 31, 2011
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges
Opinion filed: March 18, 2011
_____

OPINION
_____

PER CURIAM.

Pro se petitioner Earl D. Hickson initiated a lawsuit in the United States

District Court for the District of New Jersey alleging, among other things, that various

employees of the State of New Jersey illegally detained him and violated his civil rights.

On September 27, 2010, the District Court denied Hickson's motion for summary

judgment, granted in part and denied in part defendants' motions for summary judgment,

and ordered Hickson to show cause why it should not decline to exercise supplemental

1

jurisdiction over his state law claims. Hickson did not respond to the order to show cause but rather, timely filed a motion for reconsideration on October 8, 2010. Defendants filed responses in opposition to Hickson's motion for reconsideration, and on December 13, 2010, Hickson filed the instant petition for a writ of mandamus. The Court has not yet issued a decision regarding Hickson's motion for reconsideration.

While captioned as a petition for a writ of mandamus, Hickson's filing is essentially a notice of appeal. He argues that the District Court erred in entering summary judgment against him and attacks the various legal conclusions reached by the Court. The remedy of mandamus is reserved for extraordinary situations. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." See id. at 35. The relief sought by Hickson is the vacation of the District Court's judgment and the right to proceed to trial. This relief may be sought through the filing of a notice of appeal once the District Court has entered a final order in the proceedings below. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006) (writ of mandamus may not be used as a substitute for regular appeals process). To the extent Hickson argues that this Court should exercise its authority to issue a writ of mandamus reassigning his case to a different district judge, his petition will be denied. Hickson has not offered any evidence of bias on the part of Judge

2

Hillman other than his own disagreement with the outcome of the case.

Based on the foregoing, we will deny the petition for a writ of mandamus.