BCO-035                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1036
_____

IN RE:  JOHNNY MARTINEZ,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court for the District of the Virgin Islands
(Related to D.V.I. Civ. No. 1:13-cv-00102)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 6, 2015

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: February 19, 2015)
_____

OPINION*
_____

PER CURIAM

Johnny Martinez petitions for a writ of mandamus directing the United States

District Court for the District of the Virgin Islands to rule on his motion for a preliminary

injunction that has been pending in his action challenging his prison transfer.  For the

reasons that follow, we will deny Martinez's mandamus petition without prejudice to his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ability to file a new mandamus petition if the District Court does not rule on his preliminary injunction motion within 60 days of the date of this opinion.

## II.

Martinez is currently serving a 35-year prison sentence for a murder that he committed in the Virgin Islands in the 1990s. According to Martinez, from the late 1990s to March 2013, he was incarcerated at Golden Grove Correctional Facility ("Golden Grove") in the Virgin Islands. In March 2013, he was transferred — allegedly without notice or a hearing — to Red Onion State Prison ("Red Onion"), a super-maximum ("super-max") security prison located in Virginia. It appears that he remains incarcerated at Red Onion.

In November 2013, Martinez filed a counseled habeas petition in the District Court pursuant to 28 U.S.C. § 2241 against the Government of the Virgin Islands, the Director of the Virgin Islands Bureau of Corrections, and the wardens of both Golden Grove and Red Onion ("Respondents"). The habeas petition challenged the constitutionality of Martinez's prison transfer and sought his return to Golden Grove. On May 1, 2014, the District Court referred the habeas petition to a United States Magistrate Judge. That same day, Martinez filed a "First Amended Petition & Complaint." This new pleading sought not only habeas relief, but also damages, declaratory relief, and injunctive relief against Respondents pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Then, on June 17, 2014, Martinez moved the District Court for a preliminary injunction that would

2

(1) direct Respondents to house him at a non-super-max facility, and (2) enjoin them from transferring him to a super-max prison without due process during the pendency of his case. The Government of the Virgin Islands responded to Martinez's preliminary injunction motion on July 1, 2014, and he filed a reply on July 15, 2014.

Meanwhile, on July 3, 2014, the Magistrate Judge issued a report recommending, inter alia, that the District Court (1) dismiss Martinez's "combined civil rights action and petition for habeas corpus relief," (2) direct Martinez to file a new § 1983 action against Golden Grove's warden and the Director of the Virgin Islands Bureau of Corrections only, and (3) direct the District Court Clerk to close the instant case. In reaching this recommendation, the Magistrate Judge did not address Martinez's preliminary injunction motion. On July 17, 2014, Martinez timely filed objections to the Magistrate Judge's report. A week later, Martinez moved for permission to file a "Second Amended Petition & Complaint," in which he continued to seek the various forms of relief requested in his First Amended Petition & Complaint. No action has been taken by the District Court or the Magistrate Judge since that time.

Martinez now seeks an order from this Court directing the District Court to rule on his motion for a preliminary injunction.

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the

3

desired relief, and must show that the right to issuance is clear and indisputable."
Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a district court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no clear and indisputable right to have a district court handle a case in a particular manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). However, a writ of mandamus may issue when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

In this case, about seven months have passed since Martinez's preliminary injunction motion (and his objections to the Magistrate Judge's report) became ripe for review. Although the complained-of delay is of concern, we conclude that it does not rise to the level of a failure to exercise jurisdiction. Cf. id. (concluding that approximately eight-month delay in habeas action did not warrant the issuance of a writ of mandamus). Accordingly, we will deny Martinez's mandamus petition. We trust that the District Court, mindful of Martinez's allegations and the time-sensitive nature of the relief that he seeks, will rule on his preliminary injunction motion in short order. We are also confident that the District Court will promptly rule on his objections to the Magistrate Judge's report and his motion to file a "Second Amended Petition & Complaint." That said, we note that our denial of mandamus relief is without prejudice to Martinez's ability to file a new mandamus petition if the District Court has not ruled on his preliminary injunction motion within 60 days of the date of this opinion. See id.

4