**In re Stephen P. WALLACE, Petitioner.**

**No. 16–1564.**

United States Court of Appeals, Fourth Circuit.

Submitted: May 18, 2016.

Decided: May 19, 2016.

Stephen P. Wallace, Petitioner Pro Se.

Before TRAXLER, Chief Judge, and GREGORY and THACKER, Circuit Judges.

Petition dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case comes before the court on a petition for writ of mandamus filed by Stephen Wallace under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). The CVRA affords to victims of crime the rights to reasonable protection from the accused, to notice of court proceedings, to participation in court proceedings, to confer with government counsel, to receive restitution, to proceedings free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). These rights must be asserted in the district court and, if the district court denies relief, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." *Id.* If the court of appeals denies the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." *Id.*

Petitioner filed a civil complaint in district court alleging tortious interference with contract. He subsequently sought to stay the action in order to obtain counsel. The district court stayed the action for six weeks, noting in its order that other courts had sanctioned petitioner for his filings and that obtaining counsel could bring clarity to petitioner's complaint. Petitioner filed motions to vacate that order due to its reference to prior sanctions, to disqualify the district judge due to bias, and. to continue the stay of proceedings.

Complainant maintains in this mandamus petition that he is a crime victim under the CVRA because the criminal findings of fact and conclusions of law against him constitute crimes perpetrated under 18 U.S.C. §§ 241 & 242. He also states that his status as a victim has been verified by the Inspector General of the

U.S. Department of Justice. He asks this court to grant the writ, assume original jurisdiction, stay his civil action, and permit him to present evidence of criminal conduct.

Petitioner is not a crime victim seeking to enforce rights protected by the CVRA. He is, instead, a civil plaintiff seeking to challenge orders entered in his case. The CVRA affords this court no jurisdiction to review the district court's orders. Moreover, petitioner has failed to present grounds requiring the district judge to disqualify himself or grant the other relief requested and has therefore failed to establish a "clear and indisputable" right to mandamus relief under 28 U.S.C. § 1651(a). *See In re Beard*, 811 F.2d 818, 826 (4th Cir.1987) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980)).

This petition is, accordingly, dismissed.

*DISMISSED.*