**ALD-245**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1144
_____

IN RE:  EZAZ KABIR CHOWDHURY,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 1-17-cv-03491)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 21, 2018

Before: MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 2, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Ezaz Kabir Chowdhury, proceeding pro se, has filed a petition for a writ of

mandamus.  Chowdhury seeks an order directing the District Court to rescind its order

administratively closing his habeas petition.  Alternatively, Chowdhury seeks a ruling on

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his amended habeas petition. For the reasons that follow, we will deny the mandamus petition.

In May 2017, Chowdhury filed a habeas petition in the District of New Jersey. On May 22, 2017, the District Court entered an order administratively closing the case for failure to pay the filing fee and failure to name the proper respondent, without prejudice to Chowdhury's right to file an amended petition. In July 2017, Chowdhury filed an amended petition. In January 2018, the respondents filed a motion to dismiss. Chowdhury has not responded to that motion, and the District Court has taken no further action.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

To the extent that Chowdhury's mandamus petition[1] challenges the District Court's order administratively closing his case, the petition appears to be moot: on July 12, 2017, Chowdhury paid the filing fees and filed his amended petition, and on November 15, 2017, the District Court ordered the respondents to answer the petition.

---

[1] The mandamus petition was initially dismissed for failure to comply with the in forma pauperis filing requirements. Chowdhury has since paid the filing fees and moved to reopen the petition. We grant that motion.

2

To the extent that Chowdhury asks us to adjudicate his habeas petition in the first instance, the District Court is the appropriate forum. See Madden, 102 F.3d at 79. If the District Court does not rule in his favor, he may appeal to this Court.

To the extent that Chowdhury seeks an order directing the District Court to rule on his amended habeas petition, we note that a court's management of its docket is generally discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a particular manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). That said, a writ of mandamus may issue where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

Here, the delay complained of by Chowdhury is not tantamount to a failure to exercise jurisdiction. Only five months have passed since the respondents filed their motion to dismiss, and Chowdhury has not yet responded to the motion. Under the circumstances, any alleged delay by the District Court "does not yet rise to the level of a denial of due process." Madden, 102 F.3d at 79 (denying mandamus petition where district court had delayed over three months in ruling on petitioner's motion). We are fully confident that the District Court will adjudicate Chowdhury's amended habeas petition without undue delay.

Accordingly, we will deny the petition for a writ of mandamus. Petitioners' outstanding motions are denied.

3