**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 21-1145
_____

IN RE: RASHEENA PHINISEE,
                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Nos. 2-09-cv-02140, 2-10-cv-01253 & 2-20-cv-05279)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 18, 2021

Before: AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed March 2, 2021)
_____

OPINION[*]
_____

PER CURIAM

   Rasheena Phinisee has filed a petition for a writ of mandamus requesting that we

direct the District Court to vacate its orders enforcing her settlement agreement with the

Government and appointing a guardian ad litem for her daughter. Phinisee also requests

that we direct the District Court to enter a default judgment against the Government in a

lawsuit that she recently filed, rule on her pending motion in that suit, consolidate her

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

cases, and assign her cases to a new district court judge. For the reasons that follow, we will deny the mandamus petition.

In 2010, Phinisee and her minor daughter, A.P., filed a medical malpractice suit in the District Court under the Federal Tort Claims Act (the "2010 case"). The Government offered to settle the case for $1.2 million. With Phinisee's authorization, her counsel accepted the offer. The following day, Phinisee sought to withdraw her acceptance. The Government then filed a motion to enforce the settlement agreement. A petition for a minor's compromise was also filed on behalf of A.P. The District Court granted the Government's motion and A.P.'s petition. We affirmed, holding that the settlement agreement was enforceable and that the District Court did not err in concluding that the agreement protected A.P.'s best interests. See A.P. ex rel. Phinisee v. United States, 556 F. App'x 132, 138 (3d Cir. 2014) (not precedential).

In 2017, Phinisee filed a Rule 60(b)(6) motion in the District Court, alleging fraud on the court in connection with the settlement. The District Court denied the motion. In the course of those proceedings, the District Court appointed a guardian ad litem for A.P. We affirmed the denial of the Rule 60(b)(6) motion and the appointment of a guardian ad litem. See A.P. ex rel. Phinisee v. United States, 736 F. App'x 309, 313 (3d Cir. 2018) (not precedential) (noting that "it appears that an attorney should create a special needs trust" to protect A.P.'s interests).

Phinisee filed a new lawsuit in state court in February 2020 (the "2020 case"), raising claims of medical battery, intentional infliction of emotional distress, and fraud against many of the same defendants from the 2010 case. The defendants removed the

2

2020 case to the District Court, and Phinisee filed a "motion to dismiss," raising issues related to the District Court's jurisdiction. In December 2020, the District Court granted the Government's second motion for an extension of time to respond to the complaint in the 2020 case, ordering that the Government should file its response after a hearing was held on the then-pending motion to approve a special needs trust for A.P. in the 2010 suit.

On January 26, 2021, the District Court held a hearing and entered an order establishing a special needs trust for A.P. in the 2010 suit. On January 27, 2021, Phinisee filed her mandamus petition here.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief [she] desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks and citation omitted).

Here, Phinisee asks us to direct the District Court to vacate its orders enforcing the settlement agreement and appointing a guardian ad litem in the 2010 case. She is not entitled to such relief, as mandamus is not a substitute for an appeal. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal"); see also Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991).

Phinisee further requests that we direct the District Court to enter a default judgment against the Government in the 2020 case, rule on her "motion to dismiss," and

consolidate her federal cases. Again, she is not entitled to such relief. Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, that situation is not present here. The District Court ordered the Government to respond to Phinisee's complaint in the 2020 case after the hearing on the special needs trust was held in the 2010 case. Phinisee filed her mandamus petition one day after the hearing was held and the Government's obligation to respond was triggered. At this time, we cannot say that there has been any undue delay by the District Court, let alone a delay that is "tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79. Although Phinisee's pending "motion to dismiss" raises jurisdictional issues, the District Court has the power to ascertain its own jurisdiction over the 2020 case, see Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006), which it has not yet ruled on. We remain confident that the District Court will rule on the matters pending before it in a timely fashion.

Finally, because Phinisee has failed to raise any meritorious grounds for recusal of the district court and magistrate judges that have presided over her cases, mandamus relief is not warranted on that issue. See generally 28 U.S.C. § 455 (recusal appropriate where reasonable person would question judge's impartiality); Liteky v. United States,

4

510 U.S. 540, 555 (1994) (adverse legal rulings alone are almost always insufficient to warrant recusal).

Accordingly, at this time, the extraordinary remedy of mandamus is not warranted, and we will deny the mandamus petition.