**DLD-047**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3138

_____

IN RE: JOHN LEE GORE,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:23-cv-20776)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 20, 2023

Before: JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed: January 9, 2024)

_____

OPINION*

_____

PER CURIAM

    John Lee Gore, proceeding pro se, petitions for a writ of mandamus to compel the

District Court to rule on his application to proceed in forma pauperis. For the following

reasons, we will deny the petition.

    Gore filed the application in the District Court on September 28, 2023. See Gore

v. Harbor Freight Tools, et al., D.C. Civ. No. 3:23-cv-20776. He sought to file a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

complaint alleging that he was injured by a defective product. Gore filed this mandamus petition just over two months later, asserting that the District Court's delay in ruling on the application constitutes a violation of due process.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a District Court handle a case in a particular manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). That said, a writ of mandamus may issue where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We conclude that the delay presented here has not yet amounted to a failure to exercise jurisdiction. We are confident that the District Court will issue a ruling in due course. Accordingly, we will deny Gore's mandamus petition without prejudice to his filing another mandamus petition if the District Court does not act in a reasonable time.