NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE TAHVIO GRATTON; ROBIN J. SHISHIDO; DUSTIN L. COLLIER.

_____

TAHVIO GRATTON; ROBIN J. SHISHIDO; DUSTIN L. COLLIER,

Petitioners,

v.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, YAKIMA,

Respondent,

UNITED PARCEL SERVICE, INC.,

Real Party in Interest.

No. 25-1724

D.C. No.
1:22-cv-03149

MEMORANDUM[*]

Petition for Writ of Mandamus

Submitted September 18, 2025[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and DE ALBA, Circuit Judges, and R. PITMAN, District Judge.[***]

Petitioners Tahvio Gratton and his attorneys Robin Shishido and Dustin Collier (together "Petitioners") petition for a writ of mandamus vacating the district court's order granting a new trial in Gratton's action under 42 U.S.C. § 1981, the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq.*, and wrongful termination against real party in interest United Parcel Service, Inc. ("UPS"). Petitioners challenge the district court's finding of attorney misconduct. We have jurisdiction under 28 U.S.C. § 1651 and we decline to issue the writ.

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (internal quotation marks omitted). "[O]nly exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion" will warrant issuance of this extraordinary relief. *Chaney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted).

Petitioners fail to show that they are entitled to the "drastic and extraordinary remedy" of a writ. *In re Van Dusen*, 654 F.3d at 840. In evaluating

---

[***] The Honorable Robert Pitman, United States District Judge for the Western District of Texas, sitting by designation.

whether to exercise our mandamus jurisdiction, we consider: whether (1) Petitioners have "no other adequate means, such as a direct appeal, to attain the relief . . . desire[d]"; (2) Petitioners "will be damaged or prejudiced in a way not correctable on appeal"; (3) the "district court's order is clearly erroneous as a matter of law"; (4) the "order is an oft-repeated error, or manifests a persistent disregard of the federal rules"; and (5) the "order raises new and important problems, or issues of law of first impression." *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977). While there are five factors, the only factor that "is a necessary condition for granting a writ" is the third factor. *In re Van Dusen*, 654 F.3d at 841. This is a highly deferential standard of review which requires us to have "a definite and firm conviction that the district court's interpretation . . . was incorrect." *Id.* (quoting *DeGeorge v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 219 F.3d 930, 936 (9th Cir. 2000)).

The district court's grant of a new trial was not clearly erroneous as a matter of law. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (noting that a court's discretionary order granting a new trial "rarely, if ever, will justify the issuance of a writ" because due to its discretionary nature, "it cannot be said that a litigant's right to a particular result is clear and indisputable"). During the trial, Petitioners introduced previously excluded evidence of harassment and racial discrimination, elicited improper testimony from key witnesses, and improperly

3                                                                        25-1724

introduced UPS's financial status. This improper conduct likely "sufficiently permeat[ed]" the proceedings and improperly influenced the jury's verdict as the large damages award evidences. *See Kehr v. Smith Barney, Harris Upham & Co., Inc.*, 736 F.2d 1283, 1286 (9th Cir. 1984) (internal quotation marks and citation omitted). The jury awarded Gratton $39.6 million for emotional distress which is outsized when compared to other awards for damages in other WLAD, 42 U.S.C. § 1981, and wrongful termination cases. *See, e.g., Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 504 (9th Cir. 2000); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1039, 1040–41 (9th Cir. 2003). Looking at the "totality of circumstances" and in light of the improper conduct, we cannot say that the district court clearly abused its discretion in granting a new trial. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002).

Even if we assume that the district court committed some legal errors, that is insufficient to meet the highly deferential standard of a writ of mandamus. *See In re Van Dusen*, 654 F.3d at 845 (stating that we "will not grant mandamus relief simply because a district court commits an error, even one that would ultimately require reversal on appeal"); *see also DeGeorge*, 219 F.3d at 936 (noting that even if a court is "not firmly convinced, either way, as to what the correct result should be, 'we cannot hold the district court's interpretation to be clearly erroneous.'" (quoting *In re Cement Antitrust Litig.*, 688 F.2d 1297, 1306 (9th Cir. 1982)).

25-1724

Accordingly, since we are not left with the "definite and firm conviction" that the district court clearly erred in determining that a new trial was warranted, we decline to issue a writ of mandamus.

**PETITION DENIED.**