

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# In Re: Yaw Amponsah

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Yaw Amponsah " (2008). *2008 Decisions.* Paper 523.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/523

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-148                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3142
_____

IN RE: YAW AMPONSAH,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus
from the United States District Court
for the District of New Jersey
(Related to Civ. No. 08-00114)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 29, 2008

Before:  SCIRICA, Chief Judge, ALDISERT and GARTH Circuit Judges.

(Filed:  September 17, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

       Petitioner Yaw Amponsah, a federal prisoner proceeding pro se, filed this

mandamus petition pursuant to 28 U.S.C. § 1651, seeking an order directing the U.S.

District Court for District of New Jersey to rule on his motion to vacate, set aside or

correct his sentence under 28 U.S.C. § 2255.  For the foregoing reasons, we will deny the

petition.

Amponsah filed a motion under § 2255 on January 9, 2008, in the United States District Court for the District of New Jersey. The District Court subsequently advised Amponsah of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999). On April 24, 2008, the District Court directed the government to respond to Amponsah's motion within 45 days. The District Court also instructed Amponsah not to file any additional motions or papers other than a reply to the government's answer. On July 3, 2008, counsel for the government entered an appearance and filed an answer.

On July 10, 2008, apparently having not yet received the government's answer, Amponsah filed this petition seeking an order directing the District Court to hear and decide his motion in light of the government's failure to respond within 45 days. As the government has responded to Amponsah's motion, and the proceedings in the District Court continue apace, Amponsah's concern has been addressed.[1]

Amponsah also requests that his § 2255 motion be assigned to a different judge based on the District Judge's purported lack of impartiality, or the appearance thereof. As Ampsonah has not filed a motion requesting the District Judge's recusal, he has not demonstrated that his right to mandamus is "clear and indisputable." Allied Chem. Corp.

---

[1]To the extent that Amponsah takes issue with the government's answer having been filed outside the 45 days ordered by the District Court, we note that the District Court has discretion over the management of its docket, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and that the District Court has the discretion to decide what, if any, significance to afford the government's minor delay in responding.

v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346

U.S. 379, 384 (1953) (quoting United States v. Duell, 172 U.S. 576, 582 (1899))).

Accordingly, we will deny Amponsah's mandamus petition.