**In re: Carl SIMON, Petitioner.**

No. 09–3039.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. P. July 31, 2009.

Opinion Filed: Aug. 13, 2009.

Carl Simon, Oakwood, VA, pro se.

Present: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Carl Simon, an inmate of the United States Virgin Islands currently housed in a state correctional facility in Virginia, has filed a pro se letter with this Court which has been construed as a petition for a writ of mandamus under 28 U.S.C. § 1651. In his letter, Simon complains of "delay in the judicial system" because, he contends, the Appellate Division of the District Court for the Virgin Islands has "kept my appeal [docketed at D.V.I. Civ. No. 03–cv–00024] pending in that court from the year 2003 up until the present." Simon argues that the Appellate Division's alleged delay in ruling on the appeal, which was taken from an order of the Superior Court of the Virgin Islands denying Simon's petition for a writ of habeas corpus, has been undue and worked a denial of his constitutional rights. We will deny the mandamus petition.

Simon is serving a life sentence following his 1995 conviction in the Territorial Court of the Virgin Islands (now known as the Superior Court of the Virgin Islands) on charges of murder, robbery, and burglary. In 2001, Simon filed an amended habeas corpus petition in the Superior Court. In 2003, after the Superior Court denied relief, Simon appealed to the Appellate Division of the District Court of the Virgin Islands.[1]

In January 2004, the Appellate Division appointed counsel to represent Simon. Counsel filed a brief and moved to withdraw. In September 2004, the Appellate Division appointed new counsel, and in March 2005, granted an extension of time to file a brief. After the grant of a second extension, counsel filed a brief and moved to withdraw. The Appellate Division denied the motion to withdraw and calendared Simon's appeal for a hearing.

On September 10, 2007, the Appellate Division entered an Opinion and Order remanding the matter to the Superior Court for a determination as to whether a certificate of probable cause should issue for Simon's appeal, in accordance with Virgin Islands Rule of Appellate Procedure 14(b). On October 2, 2008, the Appellate Division docketed the Superior Court's order granting Simon a certificate of probable cause to appeal. The Appellate Division then calendared Simon's appeal for a hearing on June 19, 2009. Simon's mandamus petition complaining of delay on appeal was docketed in this Court less than one month later, on July 16, 2009.

A writ of mandamus is an appropriate remedy in extraordinary circumstances only. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). A petitioner seeking the writ must show, among other things, that the right to its issuance is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). In *Madden v. Myers*, 102 F.3d 74 (3d Cir.1996), we observed that "an appellate court may issue a writ of mandamus on the ground that undue delay [in ruling on a habeas petition] is tantamount to a failure to exercise jurisdiction ... and, without actually issuing a writ, may order a district court not to defer adjudicating a case." *Id.* at 79 (cita-

---

1. After the filing of Simon's appeal, the Virgin Islands Legislature established a Supreme Court of the Virgin Islands, which has authority to review decisions of the Superior Court. Nevertheless, "pending decisions of the Appellate Division may be reviewed by [the Third Circuit Court of Appeals]." *Gov't of the V.I. v. Davis*, 561 F.3d 159, 160 n. 2 (3d Cir.2009). "The appellate division of the District Court will cease existence when the last case pending is decided." *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 359 n. 2 (3d Cir.2007).

tions omitted). In *Madden,* the petitioner sought relief after his habeas petition had been pending for four months. We denied the petition, holding that "[a]lthough this delay is of concern, it does not yet rise to the level of a denial of due process." *Id.;* see also *Hassine v. Zimmerman,* 160 F.3d 941, 954 n. 12 (3d Cir.1998) (stating that "a habeas petitioner seeking mandamus ... must experience extraordinary delay").

Here, the Appellate Division submitted Simon's appeal for consideration on the merits less than one month prior to the docketing of Simon's mandamus petition, a period of time that does not rise to the level of undue delay. It is evident, as Simon contends, that the overall proceedings related to his appeal have been protracted, but we are not presented with any evidence of extraordinary delay, nor do we have reason to believe that there will be delay going forward, particularly in light of the Appellate Division's recent submission of the appeal. Significantly, a substantial portion of the delay in adjudicating the appeal appears to be attributable to the motions by Simon's counsel for leave to withdraw, as well as Simon's failure to obtain a certificate of probable cause to appeal.

In short, because the delay of which Simon complains is not "tantamount to a failure to exercise jurisdiction," *Madden,* 102 F.3d at 79, we will deny the petition for a writ of mandamus.[2] We are confident that the Appellate Division will not defer its adjudication of Simon's appeal and will issue a decision promptly.

2. Simon raises several additional contentions in his mandamus petition, including complaints about his transfer to a correctional facility in Virginia, the quality of law library materials at the Virginia facility, and the Superior Court's decision to exercise jurisdiction over Simon's criminal trial. None of these complaints is properly raised in this mandamus proceeding, and thus we do not address them.