# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Michael A. Feaster, )
)
Petitioner, )
)
v. )       Civil Action No. 10-502 (RJL)
)
Federal Bureau of Prisons, )
)
Respondent. )

## MEMORANDUM ORDER

By Order issued May 13, 2010, this matter, in which the pro se petitioner, Michael A.

Feaster, a prisoner, challenges the correct calculation of his good time credits and his resulting

parole eligibilty date, was construed as a habeas petition and ordered transferred to the United

States District Court for the District of Arizona, the court with personal jurisdiction over the

warden. The transfer has not yet been executed, and Feaster has filed a response stating his

opposition to the transfer. Feaster's response will be construed as a motion to vacate the transfer

order, and it will denied.[1]

Feaster emphasizes that his petition was intended as one for mandamus. His intention

was not in doubt. Nonetheless, the title of a submission is not determinative of the relief sought.

*Williams v. Gonzales,* 567 F. Supp. 2d 148, 149 (D.D.C. 2008). More importantly, where habeas

relief is available and potentially effective as a remedy — as it is in this case — the matter must

be brought in habeas. *Chatman-Bey v. Thornburgh,* 864 F.2d 804, 806 & n.2 (D.C. Cir. 1988).

Indeed, the Supreme Court has determined that habeas corpus is the exclusive remedy when a

petitioner challenges the fact or duration of his confinement. *Wilkinson v. Dotson,* 544 U.S. 74,

---

[1] Feaster filed a motion for appointed counsel, which was received after the transfer order was entered. Ruling on that motion will be deferred for decision by the transferee court.

79 (2005). Therefore, Feaster's case must be heard in habeas.

Moreover, if Feaster's case were treated as a petition for mandamus it would be dismissed for failure to state a claim upon which relief may be granted, because the matter he presents — the correct calculation of his "good time" credits and their application to his parole eligibility date — may not be remedied through mandamus. Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks and citation omitted). In addition, the remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). A question of the correct calculation of good time credits does not present an extraordinary circumstance requiring drastic action, nor it is evident that Feaster's calculation is correct and that the BOP's calculation is in error, or that there is no other remedy available. As the Court has already indicated, habeas is not only available, it is the appropriate remedy.

Accordingly, for the reasons stated, it is hereby

ORDERED that the petitioner's response, construed as a motion to vacate the transfer order, is DENIED.

Date: 5/27/10

RICHARD J. LEON
United States District Judge

-2-