DLD-002                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3444
_____

IN RE:  MARK PICOZZI,
                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 1-12-cv-03063)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 4, 2012

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 12, 2012)

_____

OPINION
_____

PER CURIAM

 Mark Picozzi, proceeding pro se and in forma pauperis, petitions for a writ of

mandamus compelling the United States District Court for the District of New Jersey to

reopen a civil case Picozzi initiated that was administratively terminated.  Alternatively,

Picozzi petitions for a writ of mandamus compelling the Superior Court of New Jersey

for Atlantic County to dismiss his ongoing criminal prosecution.  Picozzi also filed a

motion seeking a temporary restraining order against the Superior Court of New Jersey. We will deny the petition and motion without prejudice.

Picozzi is detained in the Atlantic County Justice Facility while his criminal prosecution is ongoing. In May 2012, Picozzi filed a pleading in the District Court. Although this pleading was docketed as a complaint, the relief requested was more similar to relief available through a petition for a writ of mandamus. Picozzi requested that the District Court intervene in the state court criminal proceeding and dismiss the case or, alternatively, grant him a hearing in the District Court and allow him to present evidence of his innocence. Picozzi sought relief from the District Court because, principally, his requests for a speedy trial from the Superior Court of New Jersey were not granted and, to a lesser extent, the prosecutor, public defender, and Superior Court prevented him from establishing his innocence.

On July 5, 2012, the District Court administratively terminated Picozzi's case because it determined that Picozzi, a prisoner proceeding in forma pauperis, did not file a duly certified six-month prison account statement and affidavit of poverty as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(a). The District Court's termination order provided that, if Picozzi pre-paid the $350 filing fee or filed a valid in forma pauperis application within thirty days of the entry of the order, the case may be reopened. Picozzi filed an application to proceed in forma pauperis on July 17, 2012, within the thirty-day period set forth in the District Court's order. The District Court has not acted in Picozzi's case since the entry of its order on July 5, 2012.

2

On August 31, 2012, Picozzi petitioned this Court for a writ of mandamus. Picozzi's petition states that he complied with the District Court's order and submitted a timely application to proceed in forma pauperis but the District Court has not reopened his case.[1] Picozzi's petition requests that we compel the District Court to grant him a hearing or dismiss his state criminal prosecution. On September 17, 2012, Picozzi filed a motion for a temporary restraining order against the Superior Court of New Jersey due to alleged violations of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

Mandamus is a drastic remedy available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 2005). Consequently, there is no "clear and indisputable" right to have the District Court handle a case in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

---

[1] Picozzi's petition to this Court and other filings with the District Court allege that he filed a valid informa pauperis application with the District Court attached to his May 2012 pleading. However, that application's prisoner account statement was not duly certified by the appropriate prison official, as required under the Prison Litigation Reform

3

In this case, Picozzi's in forma pauperis application has been pending in the District Court for less than three months; this period of time is not an undue delay and does not warrant our intervention. See id. (noting that a delay of approximately eight months did not require mandamus). Consequently, we deny Picozzi's petition for a writ of mandamus compelling the District Court to grant Picozzi a hearing and express our confidence that the District Court will expediently address Picozzi's in forma pauperis application.

In regard to Picozzi's petition that we compel the Superior Court of New Jersey to dismiss the criminal proceedings against him, he has not shown that he has a clear and indisputable right to that relief. See id. Mandamus typically may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378 (internal quotation marks omitted). State courts are not inferior courts of this Court, and, except in limited circumstances, federal courts do not have the power to compel state courts to act in a particular way. See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970) (noting that state courts and federal courts comprise separate legal systems); In re Grand Jury Proceeding, 654 F.2d 268, 278-79 (3d Cir. 1981) (explaining that generally federal courts may only issue directives to state courts to protect their jurisdiction or effectuate judgments). Therefore, we deny Picozzi's petition

Act. 28 U.S.C. § 1915(a)(2).

4

for a writ of mandamus compelling the Superior Court of New Jersey to dismiss the criminal proceedings against him.

Similarly, we deny Picozzi's motion for a temporary restraining order against the Superior Court of New Jersey. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court" except where one of the three exceptions apply: (1) the injunction is "expressly authorized by Act of Congress"; (2) an injunction is "necessary in aid of [the federal court's] jurisdiction; or (3) an injunction is necessary "to protect or effectuate [the federal court's] judgments." 28 U.S.C. § 2283. Picozzi does not argue that any of these exceptions apply and his allegations do not support a showing that an exception is applicable; accordingly, we lack the authority to grant the temporary restraining order that he requests and his motion is denied.

For the reasons we have given we deny Picozzi's petition for a writ of mandamus and deny his motion for a temporary restraining order.