BLD-006                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3558
_____

IN RE:  ALTON BROWN,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-10-cv-03458)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 10, 2013
Before:  AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 12, 2013)
_____

OPINION
_____

PER CURIAM

        <u>Pro</u> <u>se</u> petitioner, Alton Brown, seeks a writ of mandamus ordering the District

Court to direct that service of process be issued by the United States Marshal's Service

with respect to his second amended and supplemental complaint and to rule on his

motions for injunctive relief.  We conclude that mandamus relief is not warranted in this

case at this time.  Accordingly, we will deny the petition.

        Mandamus is a "drastic remedy" available in extraordinary circumstances only.  <u>In</u>

<u>re: Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking

the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction" and rises to the level of a due process violation. Madden, 102 F.3d at 79.

The delay complained of by Brown is not tantamount to a failure to exercise jurisdiction. In an order issued on January 2, 2013, we concluded that Brown made a sufficient showing of imminent danger to overcome the bar erected by 28 U.S.C. § 1915(g). Accordingly, we directed that the District Court grant Brown leave to proceed with the underlying civil action in forma pauperis. See C.A. No. 11-1707. The District Court promptly complied with that directive. In its order entered on February 14, 2013, the District Court extended the 120-day time limit for service of summons and the amended complaint until further order of the court. Shortly thereafter, the action was reassigned to the Honorable Eduardo C. Robreno. Brown has filed numerous motions in the District Court since the reassignment, including motions for injunctive relief and the recusal of Judge Robreno. The District Court disposed of Brown's motion for recusal, but has yet to order service of his second amended complaint or to issue an order on his

2

requests for injunctive relief.

When we remanded the matter to the District Court with the direction that Brown be granted in forma pauperis status, we refrained from expressing any opinion regarding the merits of his action. The Prison Litigation Reform Act (PLRA) provides authority for the District Court to screen civil actions under § 1915(e)(2) "without regard to whether the opposing party was served with process." Grayson v. Mayview State Hosp., 293 F.3d 103, 111 n.15 (3d Cir. 2002). We stated in Grayson that, "[g]iven the emphasis in the PLRA's legislative history on the cost to state and local governments of defending prisoner litigation," see 141 Cong. Rec. S14413 (1995) (statement of Senator Dole), the district courts' authority to dismiss complaints prior to service of process "was meant to serve an important purpose." Id. We thus cannot conclude that the District Court's decision to refrain from ordering service of summons in this case is tantamount to a failure to exercise jurisdiction.

Likewise, given the steady stream of filings that Brown has submitted since his action was reassigned eight months ago – several of which have been filed in the past four months and disposed of by the District Court – the court's delay in ruling on his motions for injunctive relief does not rise to the level justifying our intervention. See Madden, 102 F.3d at 79. We are fully confident that the District Court will adjudicate Brown's motions and complaint without undue delay.

Accordingly, we will deny the petition for a writ of mandamus.

3