**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1127
_____

IN RE:  JOSEPH SCOTT,
                                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Crim. No. 1:99-cr-00033-001)
District Judge: Honorable Maryellen Noreika

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 14, 2019
Before:  MCKEE, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 3, 2019)
_____

OPINION*
_____

PER CURIAM

    Joseph Scott, a federal inmate who has been convicted of drug offenses, filed a pro

se petition for a writ of mandamus seeking to compel the United States District Court for

the District of Delaware to rule on his motion under 18 U.S.C. § 3582, to adjudicate his

motion to correct an alleged clerical error in his pre-sentence report under Federal Rule of

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Criminal Procedure 36, and to grant his motion for self-representation. For the following reasons, we will deny the mandamus petition.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a District Court handle a case in a particular manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). That said, a writ of mandamus may issue where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

In August 2016, Scott filed in the District Court a motion under § 3582(c)(2), seeking to reduce his sentence based on various Amendments to the Sentencing Guidelines. The District Court denied the motion, and Scott appealed. By order entered August 15, 2018, we granted Scott's unopposed motion for summary action, vacated the District Court's order, and remanded the matter for consideration of Scott's § 3582 motion. See United States v. Scott, C.A. No. 17-2071. Shortly thereafter, on August 20, 2018, Scott filed a pro se motion under Federal Rule of Criminal Procedure 36 to correct a clerical error in his presentence report.

With respect to the § 3682 motion, the District Court directed the parties to submit a joint briefing schedule by October 18, 2018. Before that schedule was due, however,

2

Scott, who was represented by the Federal Public Defender, filed several pro se motions, including a "motion for self-representation." On January 16, 2019, the Federal Public Defender wrote to the District Court, stating that it was "fully committed to assisting [Scott] in his efforts for sentencing relief" and was prepared to "prioritize review" of Scott's case. To that end, the Federal Public Defender requested 30 days to examine Scott's case to determine "if the First Step Act impacts him, and whether that avenue is more advantageous than proceeding under § 3582." The District Court granted that request, stating that it would refrain from ruling on the pending motions until the 30-day period had passed. Meanwhile, Scott filed the mandamus petition at issue here, asking us to order the District Court to rule on his § 3582 and Rule 36 motions, and to grant his motion for self-representation.

Mandamus relief is not warranted. Notably, after Scott filed his mandamus petition, the District Court granted his request for self-representation,[1] allowed him to file an updated § 3582, which he did on February 28, 2019, and directed the Government to respond to his Rule 36 motion by March 30, 2019. Given these recent developments, we are confident that the District Court will act promptly on Scott's § 3582 and Rule 36 motions.

For the foregoing reasons, we will deny Scott's mandamus petition.

---

[1] This rendered moot Scott's request that we direct the District Court to allow him to proceed pro se.