DLD-095                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3667
_____

IN RE: RAHEEM D. LOUIS,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:18-cv-00877)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 7, 2019
Before: JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: April 11, 2019)
_____

OPINION*
_____

PER CURIAM

Pro se petitioner Raheem Louis has filed a petition for a writ of mandamus,

requesting that we compel the District Court to act on his pending motions for summary

judgment and for a preliminary injunction. For the reasons set forth below, we will deny

the petition.

In April 2018, Louis filed a civil rights complaint in the United States District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the Middle District of Pennsylvania. The District Court granted Louis' motion for leave to proceed in forma pauperis on October 12, 2018.[1] On October 19, 2018, Louis filed a motion for summary judgment and a motion for a preliminary junction; he later filed a motion to amend/correct his motion for a preliminary injunction. On December 14, 2018, Defendant Ebbert filed a motion to dismiss, or in the alternative, a motion for summary judgment, and he subsequently filed a motion for extension of time to file a supporting brief. The District Court had not ruled on any of these motions when Louis filed this petition for a writ of mandamus.

Mandamus is a drastic remedy available only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A mandamus petitioner must establish that he has "no other adequate means" to obtain the requested relief, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain

---

[1] Prior to the District Court's order granting him in forma pauperis status, Louis filed a motion for summary judgment and a motion for a preliminary injunction. However, the District Court later deemed both motions withdrawn due to Louis' failure to file supporting briefs.

manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Nonetheless, mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79. This case, however, does not present such a situation. A delay of approximately three months in the disposition of Louis' pending motions "does not yet rise to the level of a denial of due process," and thus does not justify our intervention at this time. Id. We are confident that the District Court will rule on Louis' motions in due course and with regard to consideration of irreparable injury as to his motion for a preliminary injunction. See Rolo v. Gen. Dev. Corp., 949 F.2d 695, 703–04 (3d Cir. 1991).

Accordingly, the petition for a writ of mandamus is denied.