DLD-284                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3085
_____

IN RE: GILBERT M. MARTINEZ,
                                           Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Nos. 5-19-cv-03708 and 5-19-cv-04087)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 19, 2019
Before: JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed October 11, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Gilbert Martinez has filed a petition for a writ of mandamus requesting that we

direct the District Court to rule on his applications to proceed in forma pauperis (IFP) and

his motions for preliminary injunctive relief. He also requests that we direct the District

Judge to recuse himself. For the reasons that follow, we will deny the mandamus

petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On August 16, 2019, Martinez filed an application to proceed IFP in the District Court. He sought to file a 50-page complaint alleging that he is the victim of a conspiracy among the United States, the Federal Bureau of Investigation, federal judges, and state officials to deprive him of various rights and benefits. He also filed motions for preliminary injunctive relief and a motion to recuse the District Judge. On September 6, 2019, Martinez filed another application to proceed IFP in the District Court, which was docketed separately. Martinez sought to file a related complaint alleging that federal and state officials in Berks County conspired to deprive him of a tax exemption and welfare benefits.

On September 10, 2019, Martinez filed his mandamus petition. He asks us to direct the District Court to rule on his pending applications to proceed IFP and motions for preliminary injunctive relief. He also requests that we direct the District Judge to recuse himself. On September 17, 2019, the District Court granted the applications to proceed IFP.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks and citation omitted).

Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and

2

indisputable" right to have a district court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), that situation is not present here.

In light of the District Court's ruling on the IFP applications, the mandamus petition is moot with respect to that issue. As for the outstanding motions for injunctive relief, we note that they were filed less than a month before Martinez filed his mandamus petition. Cf. Madden, 102 F.3d at 79 (district court's delay of almost seven months did not warrant mandamus relief); see also Hassine v. Zimmerman, 160 F.3d 941, 954 n.12 (3d Cir. 1998) (noting that district court delay must be "extraordinary" to warrant mandamus relief). Thus, we cannot say that there has been any undue delay by the District Court, let alone a delay that is "tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79. We remain confident that the District Court will rule on the outstanding motions in a timely manner.

Because Martinez has failed to raise any meritorious grounds for recusal of the District Judge, mandamus relief is not warranted on that issue. See generally 28 U.S.C. § 455 (recusal appropriate where reasonable person would question judge's impartiality); Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse legal rulings are almost always insufficient to warrant recusal).

Accordingly, at this time, the extraordinary remedy of mandamus is not warranted, and we will deny the mandamus petition.