DLD-027                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2660 & 23-2820
_____

IN RE: CALEB L. MCGILLVARY,
                                                           Petitioner
_____

On Petitions for Writs of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 1-22-cv-04185)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 9, 2023
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: November 28, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

On June 22, 2022, Appellant Caleb McGillvary filed a petition with the District

Court for a writ of habeas corpus under 28 U.S.C. § 2254.  On May 15, 2023, he filed a

motion for summary judgment.  On August 15, 2023, the District Court entered a text

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

order in which it denied the motion and stated that it would consider the habeas petition on the merits in due course.

On September 28, 2023, McGillvary filed a petition for a writ of mandamus—opening case number C.A. No. 23-2660—in which he alleges that the District Court has obstructed his habeas petition. He seeks a court order mandating the recusal of the Judge overseeing his case, the Chief Judge of the District, and an unnamed official, as well as the transfer of his case to the Eastern District of Pennsylvania.

On October 5, 2023, McGillvary filed a second petition for a writ of mandamus, opening case number C.A. No. 23-2820. In it, he asks the Court to compel the District Court to review his motion for summary judgment, and cites in support of this request Carter v. Rafferty, 826 F.2d 1299 (3d Cir. 1987), and Wilson v. Beard, 589 F.3d 651 (3d Cir. 2009).

A writ of mandamus is a drastic remedy that is only available in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must demonstrate that "(1) no other adequate means [exist] to attain the relief he [or she] desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks omitted). "Even then, exercise of our power is largely discretionary." In re2uestil Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992).

2

In his first mandamus petition, McGillvary alleges that he has had problems with his filings—two of his motions have not appeared on the docket[1] and there have been some discrepancies in the dates listed on his return mail receipts.  These complaints, however, are better directed to the District Court.  See generally Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Further, while McGillvary alleges that there is an appearance of impropriety arising from the assignment of his case to a specific Judge, his claim is based entirely on speculation; his contentions do not amount to circumstances in which the District Court's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a); see also United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989).  His allegations of misconduct by the District Court and its officials are similarly unsupported.

In McGillvary's second petition, he seeks a writ of mandamus requiring the District Court to rule on the merits of his summary judgment motion, which the District Court denied as improperly filed in a text order entered on August 15, 2023.  While we have upheld the use of summary judgment in the habeas context, see Wilson, 589 F.3d at 657 n.1, no relief is due here.  In its order, the District Court explained that in its view, there was no practical difference between its ruling on the merits of the habeas petition or its ruling on a summary judgment motion, and it assured McGillvary that his petition was

---

[1] McGillvary says his motion to withdraw his initial in forma pauperis application and his motion to withdraw a motion to recuse were never entered onto the docket.  While it is not clear what happened to those documents, both of these matters have been resolved, the former through the payment of the filing fee and the latter through the ruling on the motion to recuse.

under advisement and that the Court would render a decision in due course. Thus, the Court has not failed to exercise jurisdiction, see Madden, 102 F.3d at 79; rather, the dispute is more akin to one concerning the District Court's case management, which is a matter of its discretion, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and not a basis for mandamus relief, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam)

Accordingly, we will deny both of McGillvary's petitions for a writ of mandamus.

4